Taxxok, Chief-Justice,
 

 delivered the opinion of the Court:
 

 The distinction between a general and special agent is founded in such obvious justice, and has been so often.
 
 *121
 
 recognised as Law, that the spirit of it ought to be observed, even where the parties themselves have hot stated it in terms. A general agent binds the principal by his acts $ but an agent appointed for a particular purpose, and acting uhdér a circumscribed power, cannot bind the principal by an act in which he exceeds his authority. Thus, if a person keeping livery stables and having a horse to sell, empower his servant to sell but not to wan'itnt, still the master would be bound by the servant’s warranty, because lie acted within the scope of his authority, and the particular restraint upon the servant ought not to affect the public. But if the owner of a horse were to send a stranger out with him, with a power- to sell, but with express direction not to warrant the horse, and the stranger disobeyed this direction, tho purchaser would have a remedy against him on the warranty, but not against the owner; because he invested the servant with a circumscribed authority, beyond the scope of which he had acted» According to this rule, it is clear that Dudley would not have been liable on Pritchard’s warranty, if he had directed him to sell or exchange the horse, but not to warrant him. If, on the contrary, he had been silent with respect to the warranty, and had trusted that to Pritchard’s discretion, it is reasonable that he should be bound by it j since it was within the scope of an authority to sell. Does not Dudley’s receiving the terse procured in exchange, and thereby assenting to the contract, place the case on the same ground as if he had given Pritchard a general power to sell in express terms^and had said nothing of a warranty ? “If a servant borrow money in his master’s name, the master shall not be charged with it unless it come to his use, and that by his assent. And the same' Law is, if a servant make a contract in his master’s name, tho contract shall not bind his master, unless it were by his master’s commandment, or that it come to the master’s use by his assent. But if a man semi his
 
 *122
 
 servant to a fair or market, to buy for him certain tilings, though he command him not to buy them of no man in certain, and the servant doth according, the master shall foe charged ; but if tiie servant in that case buy them in his own name, not speaking of his master, the master shall not be charged, unless the things bought come to his
 
 use.”
 
 — (Doctor
 
 and Student
 
 236.) Dudley has then ratified the contract as well as the warranty made by Pritchard, by receiving the horse ; and although he did
 
 not
 
 know of the warranty, his own agent concealed it from him, very improperly, it is true, as between themselves, but such concealment ought not to affect, the Plaintiff, who might have been induced by the warranty, to part with his property. Dudley should have enquired into the terms of the exchange, and ascertained fully the extent of the liability imposed on him by his agent, before he consented to receive the horse. Let judgment be entered for the Plaintiff. '