## WAINWRIGHT v. MASSENBURG.

(Filed September 24, 1901.)

POWER OF·ATTORNEY—*Coupled With an Interest—Principal and Agent.*

  A power of attorney to sue for property, the attorney to receive part of property in case of recovery, is not a power coupled with an interest and the death of the principal terminates the agency.

PETITION by B. B. Massenburg, interpleader, to rehear Wainwright against Bobbitt, 127 N. C., 274. Petition refused.

*F. S. Spruill* and *B. B. Massenburg,* for the petitioner.
  *W. M. Person* and *W. H. Yarborough, Jr.,* in opposition to petition.

FURCHES, C. J. This is a petition to rehear as to the interpleader, B. B. Massenburg, attorney (127 N. C., 274). It was decided at September Term, 1900, that the plaintiff was the owner and entitled to the possession of the land in controversy. This decision is not affected by the petition to rehear, as the rehearing was only granted as to Massenburg, therein called "defendant." We do not propose to discuss the plaintiff's rights in this opinion further than is necessary to present the facts that are necessary to discuss the rights of the petitioner, Massenburg.

It appears from the record that Jeremiah Ingram, on the 26th of March, 1826, made a will, which was probated in March, 1827, in which he willed and devised the lands in controversy to his widow, Nancy, and to his four children, Samuel, Joseph, Joshua and Presley. But the wife, Nancy, at the longest time was to have only a life-estate therein, which was further restricted to the coming of age of any one

of his children, with the further restriction and limitation that if his widow, Nancy, should marry, she was then to cease to have any interest whatever in said land. She afterwards did intermarry with Willis P. Ingram, but the date of this marriage is not stated. But it does appear from the record that W. P. Ingram and his wife, Nancy, were living upon this land as far back as any of the witnesses could remember—certainly for the last sixty years—and that Willis was using it and claiming it as his own, until 1870, when it was sold under execution by the Sheriff of Franklin County, when the plaintiff became the purchaser, took a deed from the Sheriff and went into possession. There are several reasons why the petition to rehear should not be granted.

The learned counsel for the petitioner contended that, as this was an action of ejectment, the plaintiff must recover upon the strength of his own title and not on the weakness of defendant's title. This is a correct proposition of law, which was observed on the trial of this case, and the plaintiff recovered. And the opinion of this Court affirming that judgment is allowed to stand as a correct ruling and judgment as to all the defendants, except the intervenors, and must stand as to them unless they show that it is erroneous. This, we think, they have failed to show. The intervenors have failed to show any title to the land or to connect themselves with the *estate* of Willis Ingram or the plaintiff. The interpleaders have introduced a deed from Joseph Ingram to T. J. Judkins, dated the 9th of December, 1844, for his interest in the land willed by his grandfather to his father, Jeremiah Ingram. But they do not show that W. P. Ingram held, or claimed to hold, said land under the will of Benjamin Ingram or Jeremiah Ingram. It was not willed to him by either of them. And while Willis Ingram married the widow of Jeremiah Ingram, the will itself shows that she had no interest in the land after her marriage.

The petition to rehear says that Willis, and Nancy the widow of Jeremiah Ingram, intermarried a few years before *his death,* which was about 1880. But the intervenor offers no evidence to sustain this allegation, and it would be most remarkable if it were true, as she was old enough in 1827 to be the mother of four children, Samuel, Joseph, Joshua and Presley, named in his will. But it can not be true, as it is shown, that the Bobbitts are the grandchildren of Willis and Nancy, and the plaintiff is the daughter of Willis and Nancy, and that she was a married woman in 1870 when she bought the land in controversy.

These children and grandchildren, the result of the marriage of Willis and Nancy, show that the marriage must have taken place more than "a few years before the death of Willis Ingram."

We have seen that Nancy had no interest in this land after her marriage with Willis, which was long enough ago to have a married daughter (the plaintiff) in 1870 and grown grandchildren (the defendants Bobbitt) before this action was commenced. And Joseph Ingram, the grantor of Judkins, must have been of age in 1844, when he made his deed to Judkin, which was more than fifty years before the commencement of this action. And if he or Judkins ever had any right to the land in controversy, they have lost it by sleeping on their rights for more than fifty years, when there was nothing to prevent them from suing for it.

But there are other reasons why this petition to rehear should not be granted. The deed offered in evidence is from Joseph Ingram to T. J. Judkins, and the power of attorney is from *Mrs. Rachael Judkins,* who alleges that she is the heir-at-law of T. J. Judkins. But it is not stated in the interplea how she is related to T. J. Judkins, and the Court can not know whether she is or not, and there is no evidence offered to show her relation to him. It was stated during the

argument that she was his widow, and, if so, she would not be the heir-at-law of T. J. Judkins, unless she is made so by statute—and no such statute was called to our attention. But she is dead, and was so before the commencement of this action, and the interplea is made in behalf of *her heirs*. Who are they? The Court has no means of knowing, and would be at a loss to render a judgment if they were entitled to one. But Mr. Massenburg claims that, under the power of attorney from Mrs. Judkins to him, he is personally interested; *that he is to have "one-half of what he recovers."* But Mrs. Judkins is dead and was so several years before this action was commenced; and upon her death, all the power of Mr. Massenburg had from her died. This is the general rule, and the exception to this rule is where the power is coupled with an interest. But an *interest in the recovery is not an interest coupled with the power,* that prevents death from terminating the agency. 1 Am. and Eng. Enc. 1217, 1218 and 1222.

The petition says that in the opinion of the Court, it is said that plaintiffs and defendants are tenants in common. This expression may not have been well guarded. But the defendants claimed to be tenants in common with the plaintiff, and the Court was commenting upon the case, upon defendant's contention. But let that be as it may, it in no way affects the rights of the interpleader in this petition to rehear. They have failed to connect themselves with this estate, or to show any title to the same. For the reasons stated the petition must be

Dismissed.

CLARK, J., did not sit on the hearing of this case.