STATE v. MUNN.

(Filed March 29, 1904).

HOMICIDE—*Harmless Error—Instructions.*

> Where there is error in the charge as to mitigation below murder in the second degree, it is harmless, the prisoner having been convicted of murder in the first degree.

INDICTMENT against W. R. Munn, heard by *Judge H. R. Bryan* and a jury, at November Term, 1903, of the Superior Court of CUMBERLAND County. From a verdict of guilty of murder in the first degree, and judgment thereon, the prisoner appealed.

*Robert D. Gilmer, Attorney-General* and *N. A. Sinclair,* for the State.

*Thos. H. Sutton,* for the prisoner.

CLARK, C. J.　In this case, if the evidence of the State is to be believed, and the jury by their verdict have found it to be true, a most aggravated and inhuman murder was committed by the prisoner.　It is our province to consider only the alleged errors of law committed by the trial Judge, and which his counsel has seen fit to point out and assign by exceptions thereto taken in apt time and duly entered in the record.　Rule 27 of this Court provides *"No other exceptions than* those set out or filed and made part of the case *shall be considered* by this Court, other than exceptions to the jurisdiction, or because the complaint does not state a cause of action, or motions in arrest for the insufficiency of an indictment."　This rule formulates the decisions of this Court.　See cases cited in Clark's Code (3 Ed.), pp. 512, 514.

The errors alleged have been ably and exhaustively argued by the prisoner's counsel, and the Court has carefully and diligently examined each and every exception with proper regard to the importance of the case.　We find no error therein.　In a case of this nature, whenever there is reason to believe that injustice has been done, and a meritorious exception has, by some inadvertence, not been taken, the Attorney-General has always consented cheerfully to an exception being entered here *nunc pro tunc.*

The point counsel wished to present, though not excepted to, that there was error in the charge as to mitigation from murder in the second degree, would not be before us even if it had been excepted to, for the reason that the jury found upon the very full and careful charge of the Court as to the difference between murder in the first and second degree, that beyond all reasonable doubt the prisoner slew the deceased wilfully, deliberately and with premeditation, and was guilty of murder in the first degree.　The State has thus satisfied them of facts raising the crime above murder in the

second degree, which only was presumed from the killing with a deadly weapon. If there were error in the charge as to mitigation below murder in the second degree it was therefore immaterial error.

There is no exception which presents any new point nor any new or unusual application of an old principle. As often stated heretofore by us (*Douglas, J.,* in *Parker v. Railroad,* 133 N. C., 335; *Osborn v. Leach,* 133 N. C., 428; *State v. Council,* 129 N. C., at p. 516), the decision is all that concerns the parties to any appeal. An opinion giving at length the reasons for any decision is useful solely as a guide to the trial court, and to this Court in future cases presenting the same or similar points. Finding no error on any of the grounds presented by the exceptions, and there being no new propositions of law or application of any principles which have not been already passed upon and announced by the Court in former cases, and fully satisfied that justice has been done and a fair trial has been had by the prisoner, it does not seem to us necessary to do more than to say that after full and most careful investigation in this case we find

No Error.