J. A. CLARK v. JOHN SWEANEY.

(Filed 3 April, 1918.)

**Automobiles — Negligence — Principal and Agent — Evidence — Nonsuit — Trials.**

Where the plaintiff sues the owner of an automobile for injuries received while his son was driving it, evidence that the son was driving his mother at the time, and that after the injury the defendant ordered his son to take the plaintiff home, is sufficient to take the case to the jury

upon a motion to nonsuit, upon the question of whether the son was acting in the service of the defendant when the injury was inflicted.

ALLEN, J., dissenting; WALKER, J., concurring in the dissenting opinion.

APPEAL from *Connor, J.,* at November Term, 1917, of DURHAM.

*Scarlett & Scarlett and Brawley & Gantt for plaintiff.*
*Fuller, Reade & Fuller for defendant.*

CLARK, C. J. This was an action for damages for personal injury sustained by being struck and seriously injured by defendant's automobile, which was being driven by his son at 45 to 50 miles an hour, according to plaintiff's testimony, as with due care plaintiff was attempting to cross Main Street near the center of the business district of Durham. That the plaintiff was run over and injured and that the defendant was the owner of the automobile, that it was being driven by his son, and that the defendant's wife was in the automobile at the time, also that the defendant immediately came up and ordered his son to carry the plaintiff home in his automobile, are admitted or not controverted. Indeed, the defendant put on no evidence.

The plaintiff did not contend that there was any liability on the part of the defendant merely because the chauffeur was his son, but contended that all the circumstances taken together were sufficient evidence to be submitted to the jury upon the question whether the driver, Fred Sweaney, was acting as the servant of his father in the operation of said automobile at the time said injury occurred. That the automobile was owned by the defendant, that the defendant's wife was being conveyed in the machine at the time of the injury, and that the defendant directed his son to take the plaintiff home was evidence "taken in the light most favorable to the plaintiff, with the most favorable inferences which the jury could draw from it," sufficient to submit the case to the jury for the natural presumption is that one who is employed in operating an automobile is doing so in the service of the owner, especially when the passenger in the machine is the owner's wife. *Long v. Neut,* 123 Mo., 204, citing *Moon v. Matthews,* 29 L. R. A. (N. S.), 856.

It will be difficult for the plaintiff in such cases to show that the automobile was being driven and operated under the direct instruction of the owner, which was a matter peculiarly in the owner's knowledge. We think it was error to nonsuit the plaintiff. The facts testified to raised a presumption that the machine was being operated in the scope of the defendant's ownership, and it was incumbent upon the defendant who put on no evidence to rebut the presumption.

*Linville v. Nissen,* 162 N. C., 95, relied on by the defendant, is not in

point. In that case, there was evidence that though the owner's son was operating the machine, he was not doing so with the knowledge or at the instance of the owner, but in violation of the owner's orders and without his knowledge. That was not a nonsuit, and the Court held that the evidence for the defendant should have been submitted to the jury with an instruction that the owner would not be responsible for the tort of the chauffeur, even though he was the owner's son and a minor, if acting without the owner's authority and wholly for the servant's own purposes and in pursuit of his private or personal ends.

The judgment of nonsuit is

Reversed.

ALLEN, J., dissenting: I think *Linville v. Nissen*, 162 N. C., 96, is a controlling authority in favor of the defendant, and that the judgment of nonsuit ought to be sustained.

In the *Linville case* it was held:

1. That the owner of an automobile is not liable for personal injuries caused by it, merely because of his ownership.

2. That the father is not liable for the acts of a minor son (much less reason for liability for the acts of an adult) unless he has approved the acts, or it is shown that the son is his agent or servant.

3. That if the minor son is shown to be the agent or servant of the father, the latter is not liable unless the son was acting at the time in the scope of his employment and in regard to his father's business.

A nonsuit as to the father was held to be proper, although it was in evidence that the father had bought the machine for the use of himself and family; that the son, a minor, had driven the machine frequently, sometimes with his father present; that the son was a reckless driver; that he had injured two buggies and his father had paid the damages; that on one occasion the father had taken off a wheel to prevent the use of a machine by his son; that he had left the garage unlocked, and his son could get the machine as he wished, and the ground of the ruling was that the father had forbidden the use of the machine on the day of the injury, which does no more than negative the idea of his consent, which was essential to plaintiff's case.

In this case the son is an adult, there is no evidence that the machine was bought for the use of the family, or that the son was reckless, or had ever driven the machine before, or that the father knew that he was using the machine at the time of the injury. The only circumstances claimed to have a tendency to prove agency on the part of the son are that his mother was in the machine, and that the father, as soon as he heard of the accident, went to the scene and directed his son to take the plaintiff, who had been injured, in his automobile to a hospital.

The first is a circumstance which would be present with any son, although acting against his father's will, if asked by his mother to take her; and the second is an act of humanity which any man, whether responsible for the injury or not, ought to do, and which ought to be encouraged instead of imputing it to the defendant as evidence of a wrongful act.

There is to my mind a total absence of evidence of agency, or that the son, if an agent, was acting within the scope of his employment, or was about his father's business.

I think the *Linville case* is stronger for the plaintiff than this, and that unless it is overruled, which the Court is not inclined to do, this judgment of nonsuit ought to be affirmed.