The action is against J. N. Aldridge and his minor son, Johnny Aldridge, and is instituted to recover damages for injuries (294) sustained in a collision of automobiles due to the alleged negligence of defendant, Johnny Aldridge, in operating a car owned by his father, the codefendant, and with the alleged knowledge and consent and approval of the father.
Defendant Johnny Aldridge denied all allegations of negligence, and defendant J. N. Aldridge likewise denied the allegations of negligence, and denied that said Johnny Aldridge was operating the car with his consent and approval, but averred that the car was being driven at the time in disobedience of his explicit instructions. At the close of plaintiff's evidence, defendants offering no evidence, on motion, there was judgment of nonsuit as to the adult defendant, and thereupon plaintiff suffered a nonsuit as to the minor defendant, and excepted and appealed.
It appears by reasonable intendment from the admissions of the answers that the defendant Johnny Aldridge is the minor son of J. N. Aldridge, codefendant, living with his father, and the car operated by said minor at the time of the collision was owned by the father and used for the convenience and pleasure of the family. And there was evidence on the part of plaintiff tending to show that plaintiff, on *Page 310 
the occasion in question, 24 December, 1920, was riding in a truck for delivery of laundry, owned by V. H. Lane, and used in his business, and which was being driven at the time by Wilton Lane, son of the owner, and over nineteen years of age. That they were on the concrete road going from Graham to Burlington, on the right side of the road, sitting in the seat of their machine and moving at about fifteen miles an hour. That there was a dirt road on right, a considerable drop (about a foot) from the concrete, and to right of that, a rock wall. That at the time and place of the occurrence, just opposite the home of a Mr. Andrews, there was a horse and buggy, the horse hitched to a post on the side of the road, and the buggy extending back about four feet onto the concrete, which at this place was 16 to 18 feet wide. That the truck was going on a down grade, and with wheels as near the right side of the concrete as they could be placed, and at a point just opposite the buggy defendant, Johnny Aldridge, driving the Ford sedan of his father from Burlington, towards Graham, at a rate of more than 25 miles per hour, coming from behind the buggy, ran the car over on plaintiff's side of the road, collided with the truck in which plaintiff was riding, knocked it around against the stone wall to the right, throwing plaintiff out of the truck, breaking plaintiff's arm and causing other bruises and (295) injuries from which he still suffers, etc.
Among other witnesses for plaintiff, V. H. Lane, owner of the truck and father of Wilton, on the examination in chief and his cross-examination testified as follows: "That he was not present at the time of the collision; that when witness' boy came in and said they had had an accident, they went over there and saw what it was and went over to get Mr. Aldridge to go over and show it to him so that there would be no misunderstanding; that when witness went in and saw him he was walking the floor, this way (illustrates) and said `that boy will ruin me'; that he said `Mr. Lane, you go and have that fixed and be as reasonable as you can, and I will pay it.' That Mr. Aldridge said his brother was coming home, and that he let the boy take the sedan out to wash it or have it washed, and that was the reason it was out; that he said he had stopped letting him use it; that he had had so much trouble with him.
"That Mr. Aldridge told witness he had stopped letting his boy use the machine, but that on this day he let him take it out to be washed; that he did not say anything about whether he had let him take it to Graham, and witness did not ask him; that Mr. Aldridge lives in Burlington and Burlington has several garages; that Mr. Aldridge lives up there and that on this occasion his brother was coming and he was going to let the boy take the machine to be washed." *Page 311 
Upon this, the admissions and evidence chiefly pertinent, the Court is of opinion that plaintiff is entitled to have his cause submitted to the jury. True, it is the recognized principle that a parent is not ordinarily responsible for the torts of a minor child, solely by reason of the relationship, and that generally liability will only be imputed on some principle of agency or employment. Brittingham v. Stadiem,151 N.C. 299. Accordingly, it has been directly held with us in case of injury caused by negligent use of automobiles that no recovery can be sustained when it is made to appear that the machine was being operated by the minor at the time for his own convenience or pleasure, contrary to the parent's orders or without authority from the parent, either express or implied. Linville v. Nissen, 162 N.C. 96; Bilyeu v. Beck,178 N.C. 481. But it is also held in our opinions by the great weight of authority that where a parent owns a car for the convenience and pleasure of the family, a minor child who is a member of the family, though using the car at the time for his own purposes with the parent's consent and approval, will be regarded as representing the parent in such use, and the question of liability for negligent injury may be considered and determined in that aspect. Clark v. Sweany, 176 N.C. 529; S.C.,175 N.C. 280; Griffin v. Russell, 144 Ga. 275; Hutchins v. Haffner,63 Colo. 365; Stowe v. Morris, 147 Ky. 386; McNeal v. McKain,33 Okla. 449; Birch v. Abercrombie, 74 Washington, 486. (296)
There is authority to the contrary, as appears in Aiken, Admr., v. Page,287 Ill. 420, reported also in 5 A.L.R. 216. In the Illinois case, however, there is a strong dissenting opinion from judges Cartwright and Farmer, and in our view, as stated, the position of the dissenting judges is supported by the better reason. And from this it follows, we think, that when it is made to appear that a car owned by a parent for family use is openly and habitually used by a minor child, a member of the family, such conditions will constitute evidence permitting the reasonable inference that the car is being operated by authority of the parent and for the purposes for which it was obtained. Birch v. Abercrombie, supra; Williams v. May, 173 N.C. 78;Taylor v. Stewart, 172 N.C. 203.
In view of these principles and considering the evidence in accord with the rule, uniformly prevailing, that on a motion of this character, the evidence which makes in favor of plaintiff shall be accepted as true and construed in the light most favorable to him, there are facts tending to show that J. N. Aldridge was the owner of a Ford sedan for the convenience and pleasure of the family. That the son, a minor, and a member of the family had been entrusted with the car on this occasion, and there is evidence permitting the inference that he had been in the *Page 312 
habit of running the car. True, the father also said that he had stopped letting the son use the car, but the jury are not compelled to accept this statement which makes for the defense, nor does it clearly appear when this alleged restriction had been made nor what was the extent of the authority to the son given on the afternoon in question, and under the rule prevailing in such cases, these doubts should by no means be resolved against the plaintiff, and on the record he is entitled to go to the jury under the principles of respondeat superior, see Duncan v. Overton,182 N.C. 80.
Again, while our decisions hold that automobiles are not to be regarded as inherently dangerous, requiring questions of liability to be determined in that view, it is the rule approved by well considered authority and recognized in this jurisdiction that when an owner, parent or other, entrusts his car to one whom he knows or has every reason to believe is incompetent, or reckless and irresponsible, to an extent that makes a negligent injury probable, such owner may be held liable, though the doctrine of respondeat superior is not presented. Gardner v. Solomon,200 Ala. 115, a position recognized and approved by this Court in the recent case of Tyree v. Tudor, 183 N.C. 340.
In the evidence of the witness V. H. Lane appears the statement (297) that when the witness went to see J. N. Aldridge about the occurrence, the latter appeared greatly concerned, offered to pay the damage to the extent that was reasonable. That he had allowed his son to take the car out that afternoon to have it washed. That he had stopped letting the son use the car, he had had so much trouble with him. If this evidence should be accepted by the jury, the cause should be further submitted whether the father, in entrusting the son with the car even for a limited purpose, was himself guilty of a negligent act, the proximate cause of plaintiff's injury.
This will be certified to the end that the judgment and order of nonsuit be set aside as to both defendants and the cause submitted to the jury on appropriate and determinative issues.
Reversed.
Cited: Wallace v. Squires, 186 N.C. 342; Allen v. Garibaldi,187 N.C. 799; Watts v. Lefler, 190 N.C. 724; Ewing v. Kates, 196 N.C. 355;Grier v. Woodside, 200 N.C. 761; Taylor v. Caudle, 210 N.C. 61; Matthewsv. Cheatham, 210 N.C. 598; Vaughn v. Booker, 217 N.C. 480; Hawes v.Haynes, 219 N.C. 537; McIlroy v. Motor Lines, 229 N.C. 514; Ewing v.Thompson, 233 N.C. 569; Stansel v. McIntyre, 237 N.C. 155; Elliott v.Killian, 242 N.C. 474; Thompson v. Lassiter, 246 N.C. 39; Small v.Mallory, 250 N.C. 573; Grindstaff v. Watts, 254 N.C. 571; Griffin v.Pancoast, 257 N.C. 55. *Page 313