M. S. HYDER v. BOARD OF COUNTY ROAD TRUSTEES FOR
HENDERSON COUNTY ET AL.

(Filed 9 December, 1925.)

1. Road Commissioners—Governmental Functions—Negligence.

In the absence of an allegation that road commissioners, exercising governmental functions, have taken personal charge of the work, plaintiff, a convict, was assigned to do, or that they were dealing with same purely as administrative officials, or that they acted corruptly or with malice in their official capacity, when plaintiff was injured by the negligence of one of their employees, no cause of action is stated against them, and a demurrer to the complaint filed on this ground was properly sustained.

2. Appeal and Error — Supreme Court — Per Curiam Opinions — Stare Decisis.

A per curiam opinion of the Supreme Court is a precedent upon the questions therein embraced, and ordinarily is filed where the Court is of one mind and the points of law involved are controlled by previous decisions, or otherwise they are of such a nature as not to require discussion.

APPEAL by plaintiff from *Oglesby, J.,* at June Term, 1925, of HENDERSON.

Civil action to recover damages for an alleged negligent injury due to the defendant's failure, in the exercise of ordinary care, to furnish the plaintiff a reasonably safe place to work and reasonably safe appliances with which to carry on the duties assigned to him as a convict while working on the public roads of Henderson County under the care, custody and direction of the defendants as members of and constituting the board of county road trustees for Henderson County.

There is no allegation that the defendants had taken personal charge of the work plaintiff was doing or that they were dealing with the same purely as administrative officials; nor is it alleged that they acted corruptly or with malice in their official capacity.

There is an allegation that the defendants were carrying liability insurance upon which plaintiff is entitled to recover, but the action against the defendants is not bottomed on contract, and the insurance company is not a party to the action.

Demurrers were interposed by all of the defendants and sustained upon the ground that the complaint failed to allege a valid cause of action against any of the defendants.

Plaintiff appeals.

*O. V. F. Blythe and A. A. Rice for plaintiff.*
*Frank Carter and J. E. Shipman for defendants Bane and Wilfong.*

STACY, C. J., after stating the case: The judgment sustaining the demurrers must be affirmed on authority of *Jenkins v. Griffith,* 189 N. C., 633, and *Hipp v. Ferrall,* 173 N. C., 167.

*Jenkins v. Griffith* was written under a *per curiam* opinion, but this in no way impairs its force as a precedent. It is supported by full citation of authorities. Ordinarily, a *per curiam* is the opinion of the Court in a case in which we are all of one mind, and where the questions presented are controlled by previous decisions, or otherwise they are of such a nature that we do not deem it necessary, or beneficial to the profession, to elaborate them by an extended discussion. *Clarke v. Assurance Co.,* 146 Pa. St., 561; *Minor v. Fike,* 77 Kan., 806, 93 Pac., 264.

Affirmed.