J. B. EWING v. LEWIS KATES.

(Filed 12 December, 1928.)

**Parent and Child—Liability of Parent for Negligence of Child in Driving "Family Car"—Agency.**

Where the father directs his nineteen-year-old son to take his automobile to the place in which it was kept, and to leave it there, he is not liable in damages for the negligent driving of his son in afterwards taking the car out without his knowledge for his own purposes, the doctrine of the family car not applying to the facts of this case.

APPEAL by defendant from *Finley, J.,* at July Term, 1928, of MITCHELL.

Civil action to recover damages for an alleged negligent injury caused by a collision between plaintiff's Ford touring car, driven by his daughter, but in which plaintiff was riding at the time, and a Chrysler touring car, owned by the defendant, but which was being operated by defendant's minor son.

The evidence tends to show that on 14 October, 1926, the defendant took his Chrysler automobile and started for a bear hunt on South Toe River in Yancey County. At Micaville he decided not to proceed in his car and turned it over to Roy Bailey and asked him to drive it back to his store and give it to his son, Carl, and tell him to put it in the "side room," where it was usually kept, and leave it there until he, the defendant, came back. Carl Kates, defendant's minor son, 19 years of age, soon after receiving the car from Roy Bailey, took it out "on business for himself" and had a collision with plaintiff's car, injuring both the plaintiff and his daughter, as well as his car. Carl Kates had a car of his own, but it was in evidence that his father sometimes permitted him to use the Chrysler for his own pleasure and business.

The court instructed the jury as follows: "If you find that the son was operating the car under the custom he had been operating it under, and that on this occasion, notwithstanding the message, he took the car out and then drove it home and put it up in the shed—if you

find that by the greater weight of the evidence you would answer in favor of the plaintiff." The defendant excepts to this instruction and assigns same as error.

From a verdict and judgment in favor of plaintiff, the defendant appeals.

*Chas. E. Greene and Geo. L. Greene for plaintiff.*
*Watson, Hudgins, Watson & Fouts for defendant.*

STACY, C. J., after stating the case: It was said in *Robertson v. Aldridge,* 185 N. C., 292, 116 S. E., 742, that where a parent owns a car for the convenience and pleasure of his family, a minor child who is a member of the family, though using such car at the time for his own purposes with the parent's consent and approval, will be regarded as representing the parent in such use, and the question of liability for negligent injury may be considered and determined upon that basis. *Clark v. Sweaney,* 176 N. C., 529, 97 S. E., 474; *S. c.,* 175 N. C., 280, 95 S. E., 568.

The trial court evidently gave the instruction, which constitutes one of the defendant's exceptive assignments of error, upon this principle of law, and, under a certain state of facts, the instruction might not be objectionable. But there is neither allegation nor proof to bring the instant case within the "family purpose" doctrine. *Allen v. Garibaldi,* 187 N. C., 798, 123 S. E., 66. Hence, we think the instruction, as given, must be held for error on authority of what was said in *Linville v. Nissen,* 162 N. C., 95, 77 S. E., 1096, and *Bilyeu v. Beck,* 178 N. C., 481, 100 S. E., 891.

New trial.