### J. C. BIGHAM v. MRS. C. C. FOOR AND OREN D. HALL.

(Filed 20 May, 1931.)

**1. Appeal and Error J c—Findings of fact supported by evidence are conclusive on appeal.**

Upon motion to dismiss an action on the ground that the defendant was a resident of this State and was served with summons under a statute authorizing service on nonresidents, the finding of fact by the Superior Court judge that the defendant was a nonresident, based upon competent evidence, is conclusive on appeal.

**2. Process B e—Statute relating to service on nonresident auto owners is valid.**

Our statute, chapter 75 Public Laws of 1929, relating to service on nonresident automobile owners in civil actions, is constitutional and valid.

**3. Appeal and Error K c—A per curiam decision of the Supreme Court has same authority as any other opinion of the Court.**

A *per curiam* opinion of the Supreme Court stands upon the same footing as those containing a more extended discussion or more numerous citations of authority.

APPEAL by defendant from *Moore, J.,* at October Term, 1930, of MECKLENBURG.

Civil action to recover damages for an alleged negligent injury, caused by a collision in the city of Charlotte 10 July, 1929, between a truck driven by the plaintiff and Mrs. C. C. Foor's automobile driven at the time by Oren D. Hall.

Service of summons was had upon the Commissioner of Revenue of North Carolina, as agent of the alleged nonresident defendant, Mrs. C. C. Foor, under chapter 75, Public Laws 1929. The defendant entered a special appearance and moved to dismiss for want of proper service, on the ground that she was a resident of the State of North Carolina at the time of the collision and, therefore, not amenable to process under the act of 1929.

The judge found that the defendant, Mrs. C. C. Foor, was a resident of South Carolina; that she and her husband were domiciled in

Charleston; that they came to North Carolina for a temporary sojourn during the summer of 1929, and returned to their home immediately thereafter; that the defendant's automobile was being operated at the time, and during the whole time she was in the State, under licenses, as evidenced by plates on the car, of the city of Charleston and State of South Carolina; that no North Carolina license was secured by the defendant for operating her automobile over the highways of this State during her stay here; and that in law and in fact the defendant was a nonresident of the State at the time of the collision. Whereupon the motion to dismiss was denied. Defendant appeals, assigning error.

*Walter Clark and Stewart & Bobbitt for plaintiff.*
*Taliaferro & Clarkson for defendant.*

STACY, C. J. Upon the facts found by the trial court, which are conclusive on appeal, as they are supported by competent evidence (*Hennis v. Hennis,* 180 N. C., 606, 105 S. E., 274), there was no error in holding that the defendant was a nonresident of the State within the meaning of chapter 75, Public Laws 1929, at the time of the collision between her automobile and the truck driven by the plaintiff. *Brann v. Hanes,* 194 N. C., 571, 140 S. E., 292; *Gower v. Carter,* 195 N. C., 697, 143 S. E., 513; *S. v. Carter,* 194 N. C., 293, 139 S. E., 604; *Roanoke Rapids v. Patterson,* 184 N. C., 135, 113 S. E., 603; *Hannon v. Grizzard,* 89 N. C., 115.

The constitutionality of chapter 75, Public Laws 1929, was upheld in *Ashley v. Brown,* 198 N. C., 369, 151 S. E., 725.

The case of *White v. Lumber Co.,* 199 N. C., 410, 154 S. E., 620, is distinguishable and has no particular bearing upon the question presently presented. The fact that it was written under a *per curiam* opinion, however, in no way impairs its force as a precedent for what it decides. *Hyder v. Henderson County,* 190 N. C., 663, 130 S. E., 497. *Per curiam* decisions stand upon the same footing as those in which fuller citations of authorities are made and more extended opinions are written. *Mote v. Lumber Co.,* 192 N. C., 460, 135 S. E., 294; *S. v. Munn,* 134 N. C., 680, 47 S. E., 15; *Parker v. R. R.,* 133 N. C., 336, 45 S. E., 658; *Osborn v. Leach,* 133 N. C., 427, 45 S. E., 783; *S. v. Council,* 129 N. C., 511, 39 S. E., 814.

Affirmed.