H. B. SMITH, ADMINISTRATOR OF B. C. PRICE, v. W. B. HAUGHTON AND M. L. BOLICK, AND THE STEELCOTE MANUFACTURING COMPANY, INCORPORATED.

(Filed 23 May, 1934.)

1. **Appearance A a—Under facts of this case defendant's appearance held special and not general.**

In this action to recover for injuries sustained in an automobile collision one of the defendants was a nonresident and was served with summons under the provisions of N. C. Code, 491(a). The nonresident made a special appearance and moved to dismiss the action as to it for lack of jurisdiction on the ground that it was a nonresident, had no place of business in this State, and did not own or operate the automobile which caused the injury and that those in control of the car at the time of the injury were performing no duties connected with the interest or business of movant, and that the attempted service was void: *Held*, the appearance was special and not general, the movant not intending to go into the merits of the action, but merely into the facts necessary for service under the statute, and it being settled that a defendant may make a special appearance to move to dismiss for want of jurisdiction.

2. **Process B e—Evidence held insufficient to support finding that automobile was under direction or control of nonresident for purpose of service.**

In this action to recover damages sustained in an automobile collision, it appeared from the answers of the resident defendants that the automobile was owned by one of them and driven by the other, and that the owner was an agent of the nonresident defendant, but it nowhere appeared that the stranger was operating the car upon the nonresident's business, and the admissions in the resident defendants' answers were the only evidence in the record on the question: *Held*, the evidence was insufficient to support a finding that the automobile was operated under the "control or direction, express or implied" of the nonresident defendant, and attempted service upon the nonresident under N. C. Code, 491(a), was void, and its motion to dismiss for want of jurisdiction should have been allowed.

APPEAL by defendant, Steelcote Manufacturing Company, from *Stack, J.*, at December Term, 1933, of UNION. Reversed.

This is an action brought by plaintiff against defendant for actionable negligence alleging damage arising out of an automobile collision. The

SMITH *v.* HAUGHTON.

defendants, W. B. Haughton and M. L. Bolick answered the plaintiff's complaint and denied negligence and set up plea of contributory negligence. They also set up cross-actions and counterclaims for actionable negligence against plaintiff's intestate alleging damage. The defendant, Steelcote Manufacturing Company, a nonresident corporation, entered a special appearance and moved to dismiss the action as to it, for lack of jurisdiction on the grounds that they had no place of business in North Carolina and did not own or operate the automobile which caused the injury to plaintiff's intestate and that the defendants, Haughton and Bolick, at the time of the automobile collision were performing no duties connected with the interest or business of this defendant, and that the attempted service of process was defective and void.

The necessary facts will be set forth in the opinion.

*Sikes and Blakeney and Vann and Milliken for plaintiff.*
*J. Laurence Jones and J. L. DeLaney for defendants.*

CLARKSON, J. From the evidence appearing in the record, we think the special appearance of Steelcote Manufacturing Company, a foreign corporation, to dismiss the action as to want of jurisdiction, should have been granted. We do not think the special appearance taking the language and intent of the motion, could be construed as a general appearance. N. C. Code, 1931 (Michie), section 511: "Grounds for— The defendant may demur to the complaint when it appears upon the face thereof, either that: (1) The court has no jurisdiction of the person of the defendant, or of the subject of the action," etc.

In *Motor Co. v. Reaves,* 184 N. C., 260, cited by plaintiff, the defendant in that case, demurred under the above section. In *Reel v. Boyd,* 195 N. C., 273 (274): "An appearance for the purpose of filing a demurrer to the complaint is a voluntary, general appearance, and the court in which the action was brought thereby acquires jurisdiction of the defendant." *Buncombe County v. Penland, ante,* 299 (304).

The right to dismiss an action for want of jurisdiction by entering a special appearance for the purpose is imbedded in our procedure and we do not think in this action, that the special appearance of defendant, Steelcote Manufacturing Company, went or was intended to go to the merits of the controversy and became a general appearance. The learned and able judge who heard the case did not bottom his order on the ground that the defendant corporation entered a general appearance.

The order is as follows: "This cause coming on to be heard before his Honor, A. M. Stack, resident judge of the Thirteenth Judicial District, on appeal from order of O. L. Richardson, clerk of the Superior Court of Union County, refusing to strike out service of process on

the defendant Steelcote Manufacturing Company, and being heard, on affidavits filed by defendant and upon verified complaint and answer of W. B. Haughton and Steelcote Manufacturing Company, Incorporated, the court finds the following facts: That the said Steelcote Manufacturing Company was at the time alleged in the complaint doing business in the State of North Carolina, but is and was at such time a foreign corporation; that the said Steelcote Company was not domesticated in the State of North Carolina and maintained no office in the State; that the automobile referred to in the complaint was operated for and on behalf of and under the control of the said Steelcote Manufacturing Company. Wherefore, the special appearance entered by the said Steelcote Manufacturing Company is dismissed and the said defendant Steelcote Manufacturing Company is required to file answer to the complaint of the plaintiff."

We think that the above order is not supported by the record evidence. (1) From the fourth paragraph of the answer of the codefendant, M. L. Bolick, is the following: "It is admitted that at about midnight on 23 March, 1933, this defendant was engaged in the operation of a Cadillac automobile, which, as he is informed and believes, *was the property of the defendant, W. B. Haughton,* and at said time said automobile was being operated by this answering defendant at the request of the defendant, W. B. Haughton, who at said time was personally present in said automobile with this defendant, and the two said defendants during said trip were engaged in the consideration of a matter of business *which was of material interest to them and to the employer of the said defendant Haughton."*

Section 2 of the answer of the codefendant, W. B. Haughton: "It is admitted that this defendant is a nonresident of the State of North Carolina. It is also admitted that at the time of the collision hereinafter referred to *this defendant was the owner of a certain automobile,* which, as defendant is informed and believes, has been taken in attachment proceedings by the plaintiff herein and which is detained in the State of North Carolina."

Section 3b of the answer of the codefendant, W. B. Haughton: "Answering the allegations of paragraph three-b, it is denied that the death of plaintiff's intestate was caused by any negligent act or omissions on the part of any of the defendants. It is not denied that the Steelcote Manufacturing Company is a Corporation having its principal place of business in the city of St. Louis, *and that this defendant is an agent and representative of said company."*

Section 4 of the answer of the codefendant, W. B. Haughton: "Answering the allegations of paragraph 4, it is admitted that this defendant, in company with the defendant, M. L. Bolick, on or about 23 March, 1933, made a trip in this defendant's automobile from

Raleigh, N. C., to Louisburg, N. C., and return, and *that during the said trip business matters of mutual interest to the defendants herein were discussed."*

N. C. Code, 1931 (Michie), sec. 491(a), is as follows: "The acceptance by a nonresident of the rights and privileges conferred by the laws now or hereafter in force in this State permitting the operation of motor vehicles, as evidenced by the operation of a motor vehicle by such nonresident on the public highways of this State, or the operation by such nonresident of a motor vehicle on the public highways of the State other than as so permitted or regulated, shall be deemed equivalent to the appointment by such nonresident of the Commissioner of Revenue, or of his successor in office, to be his true and lawful attorney upon whom may be served all summonses or other lawful process in any action or proceeding against him, growing out of any accident or collision in which said nonresident may be involved by reason of the operation by him, for him, or under his control or direction, express or implied, of a motor vehicle on such public highway of this State, and said acceptance or operation shall be a signification of his agreement that any such process against him shall be of the same legal force and vitality as if served on him personally. Service of such process shall be made by leaving a copy thereof with a fee of one dollar, in the hands of said Commissioner of Revenue, or in his office, and such service shall be sufficient service upon the said nonresident: *Provided,* that notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff or the Commissioner of Revenue to the defendant and the defendant's return receipt and the plaintiff's affidavit of compliance herewith are appended to the summons or other process and filed with said summons, complaint and other papers in the cause. The court in which the action is pending shall order such continuance as may be necessary to afford the defendant reasonable opportunity to defend the action."

The above quotations from the answers of the codefendants is the only evidence in regard to the defendant, Steelcote Manufacturing Company, a nonresident corporation, "operation of a motor vehicle on the public highways of the State. . . . Said nonresident may be involved by reason of the operation by him, for him or under his control or direction express or implied." In fact, the answer of W. B. Haughton was to the effect that he was the owner of the automobile. M. L. Bolick, at the time of the collision, in his answer says, that he was engaged in the operation of the automobile. We think it is mere conjecture from all the evidence that the nonresident defendant corporation was in any way connected with the automobile owned by Haughton, in the collision, driven by Bolick—or that Haughton, while using the automobile with

KENNY CO. *v*. HOTEL CO.

Bolick, was an agent of the nonresident corporation on whom there could be service of summons under the above statute. Bolick, a stranger, was operating the automobile at the time of the collision. The automobile was the property of W. B. Haughton, it was being operated by Bolick, a passenger, with Haughton, at the request of Haughton. We do not think there is any sufficient evidence that said W. B. Haughton's own automobile was operated by him under the "control or direction, express or implied" of the defendant, Steelcote Manufacturing Company. Haughton, in his answer, said that he was "an agent and representative of said company" (Steelcote Manufacturing Company). The automobile was Haughton's and there is no evidence that he was about his master's business and so that the principle of *respondeat superior* would apply, in fact, it was being operated by Bolick who had no connection with the Steelcote Manufacturing Company. The constitutionality of the act in question is well settled by this Court and the United States Supreme Court. *Ashley v. Brown,* 198 N. C., 369; *Bigham v. Foor,* 201 N. C., 14; Cyc. of Automobile Law (Huddy, 9th ed.), 15-16, sec. 85, p. 156.

We do not think it necessary from the view we take of this case, to consider the other question of plaintiff involved on this appeal: "Is the defect complained of in the service, or proof of service of process, such as can be remedied by amendment?" In Cyc. of Automobile Law, *supra,* sec. 84, is the following: "One seeking to claim the benefit of substituted service, must show full and substantial compliance with the provisions of the statute in that regard." For the reasons given, the judgment of the court below must be

Reversed.