CAROLINE DOWLING v. J. CHARLES WINTERS, EXECUTOR.

(Filed 9 October, 1935.)

**Process B e—Service may not be had on personal representative of deceased auto owner under C. S., 491 (a).**

> The statute, C. S., 491 (a), providing that summons may be served on a nonresident automobile owner in an action involving an accident occurring in this State, by service through the Commissioner of Revenue, and that automobile owners who use our public highways shall be deemed to

have appointed the Commissioner of Revenue their process agent, makes no provision for service on the personal representative of a deceased automobile owner who dies after an accident occurring in this State and before service of process, and service under the statute upon such personal representative confers no jurisdiction on our courts, since an agency, unless coupled with an interest, is terminated by the death of the principal.

APPEAL by plaintiff from *Devin, J.,* at March Term, 1935, of VANCE.

Transitory action brought by nonresident in the Superior Court of Vance County against personal representative of nonresident decedent to recover damages for alleged negligent injury growing out of automobile accident or collision occurring on public highway in this State.

It appears from the complaint that the plaintiff is a resident of the State of New Jersey; that the defendant is the duly appointed representative of the estate of George P. Dowling, deceased, having qualified as such in the Orphans' Court of Camden, New Jersey, and that the cause of action, upon which plaintiff sues, is one in tort to recover damages for personal injuries alleged to have been caused by defendant's testate, a resident of New Jersey, while operating a motor vehicle on one of the public highways in Vance County, this State.

Service of process was had upon the defendant through the Commissioner of Revenue, as provided by ch. 75, Public Laws 1929.

The defendant appeared specially and moved to quash the summons on the ground that he had not been brought into court on any valid and binding service of process. The motion was allowed, and from this ruling plaintiff appeals, assigning error.

*A. A. Bunn, J. H. Bridgers, and J. B. Hicks for plaintiff.*
*Perry & Kittrell for defendant.*

STACY, C. J. The plaintiff is a nonresident; the defendant, a nonresident executor of a nonresident decedent; the cause of action, transitory, growing out of a motor vehicle accident or collision, occurring on a public highway in this State. Plaintiff alleges she was riding as a guest of defendant's testate at the time of the injury.

Is service of summons through the Commissioner of Revenue, as provided by C. S., 491 (a), for service of process on nonresident operators of motor vehicles on the public highways of this State, sufficient to bring the defendant into court in the instant case so as to confer jurisdiction over the person of the defendant? The answer is, No. *Smith v. Haughton,* 206 N. C., 587, 174 S. E., 506.

It is provided by the statute in question that a nonresident who accepts the benefits of our laws by operating a motor vehicle on the public highways of this State shall be deemed to have appointed the

State Commissioner of Revenue "his true and lawful attorney upon whom may be served all summonses or other lawful process in any action or proceeding against him, growing out of any accident or collision in which said nonresident may be involved by reason of the operation by him, for him, or under his control or direction, express or implied, of a motor vehicle on such public highway of this State," etc. Then follows provision as to how service may be obtained through the office of Commissioner of Revenue. The validity of the act was upheld in *Ashley v. Brown,* 198 N. C., 369, 151 S. E., 725; *Bigham v. Foor,* 201 N. C., 14, 158 S. E., 548.

It will be observed the statute makes no provision for service of process upon the executor, administrator, or personal representative of the nonresident motorist, who, if living, might have been served with process under the act. Nor is it provided that such "appointment" shall be irrevocable.

In considering a similar statute, the Wisconsin Supreme Court held that it did not provide for service of process upon the executor, administrator, or personal representative of a deceased nonresident, who, in his lifetime, had operated a motor vehicle on the highways of Wisconsin, but who died prior to service of summons through the designated state official. *State ex rel. Ledin v. Davison,* 216 Wis., 216, 96 A. L. R., 589. The language of our statute suggests a like interpretation.

It is also the general holding that an appointment or agency, unless it be a power coupled with an interest, is terminated by the death of the principal. *Fisher v. Trust Co.,* 138 N. C., 90, 50 S. E., 592; *Wainwright v. Massenburg,* 129 N. C., 46, 39 S. E., 725.

The rule that death revokes a simple agency was held to preclude substituted service in case of death of the defendant, a nonresident, under a provision making the commissioner agent for the acceptance of process in *Lepre v. Trust Co.,* 11 N. J. Misc. R., 887, 168 Atl., 858.

The motion to dismiss was properly allowed.

Affirmed.