ROBERT M. BOYD, WILLIAM BOYD, ROSE C. MEADE, GER-
TRUDE MAIN AND REUBEN MAIN, PLAINTIFFS, v.
CHARLES LEMMERMAN AND EUGENE C. WILLIAMS,
DEFENDANTS.

Decided August 8, 1933.

For the plaintiffs, *Pesin & Pesin* (*Meyer Pesin*, of counsel).

*Amicus curiæ, Cox & Walburg* (by *Victor Hansen*, on the brief).

BROWN, S. C. C.  The attorneys for the defendants applied to a judge of the Hudson Circuit of the Supreme Court for permission to appear specially to set aside the summons of which service was attempted in the above cause.  The motion is directed against the service attempted to be made upon the defendant Charles Lemmerman, a non-resident. The attorneys did not appear by permission of Lemmerman as the latter departed this life before suit was brought and as far as the record discloses there has been no one appointed to represent his estate nor to defend the action. The attorneys appearing for the motion claim that notwithstanding the want of authority to appear on behalf of the defendant Lemmerman, or his estate, that those attorneys have received permission of the court to make this motion and that the nature of their appearance is that of *amicus curiæ*.

The suit arises out of an automobile accident which occurred in this state wherein the plaintiffs sustained injuries. The defendant Charles Lemmerman was the owner of the automobile that is alleged to have caused the injuries and the defendant Williams was acting as chauffeur. The collision occurred on the 5th day of February, 1933. Suit was brought by the plaintiffs against the defendants on the 6th day of April, 1933. The commissioner of motor vehicles of the State of New Jersey, was served with a summons and complaint under the authority of chapter 69, *Pamph. L.* 1930, *p.* 295. This statute provides that:

"Service of such process shall be made by leaving the original and a copy of the summons and complaint, with a fee of two dollars, in the hands of the commissioner of motor vehicles of the State of New Jersey, or someone designated by him in his office, and such service shall be sufficient service upon the said non-resident chauffeur, operator or owner; provided, that notice of such service and the copy of the summons and complaint are forthwith sent by registered mail to the defendant by the commissioner of motor vehicles or such person acting for him in his said office, and the defendant's return receipt and the affidavit of the commissioner of motor vehicles or such person in his office acting for him, of the compliance herewith are appended to the said summons and complaint and filed in the office of the clerk of the court wherein the said action may be pending; provided, also, that the date of the said mailing and the date of the receipt of the return card aforesaid are properly endorsed on the said summons and complaint and signed by the said commissioner of motor vehicles or someone acting for him."

By the above statutory direction the commissioner of motor vehicles is designated as the agency through which and upon whom process may be served upon a non-resident owner or operator of an automobile. In order for the service to be effective it must appear that the summons and complaint are forthwith sent by registered mail to the defendant and that the defendant's return receipt and the affidavit of the

commissioner of motor vehicles or the commissioner's agent of the compliance with the act are appended to the summons and complaint and filed in the office of the clerk of the court wherein the action is pending. The statute also requires that the date of the mailing and the date of the receipt of the return card shall be properly endorsed on the summons and complaint.

It appears from the depositions taken on the motion now being considered that the defendant Lemmerman died on the 27th day of March, 1933; that notwithstanding his death suit was brought against him in his name and the commissioner of motor vehicles of the State of New Jersey attempted to comply with the statutory direction of mailing the summons and complaint in the cause to the defendant Lemmerman. A return registered receipt of the summons and complaint was signed by Elizabeth Lemmerman, individually, as the widow of Charles Lemmerman.

Two questions are raised on the motion for decision. One by the plaintiffs that the attorneys making the motion have no authority to do so, and the other that the service of the summons and complaint upon the defendant Lemmerman is defective and should not be set aside. An appearance by a third party without authority has no effect in a case. A presumption very often exists in the practice of the law, that the appearance of an attorney in a case on a motion, whether it is specially or general, will be presumed to be with authority until the presumption is rebutted. It appears in this case that the attorneys making the motion are without authority from the defendant Lemmerman or his legal representative to make the motion. It is contended that notwithstanding this lack of authority that permission of the court was obtained to make this motion and that the appearance being made by the attorneys is in the role of *amicus curiæ*. The record of the cause as presented warrants the role thus asserted by the attorneys making the motion. One may, as *amicus curiæ*, suggest the action of the court in any matter in which the court may proceed of its own motion. So an *amicus curiæ* may move to quash an unauthorized

attachment, or to set aside a summons and to dismiss an action where it appears that the summons had been issued before the complaint was filed, or that the summons was not served upon the proper person, or to set aside a verdict taken after the death of a party, where the death of one of the parties abates the action. 2 *C. J.* 1324. It is determined in this matter that the attorneys appearing as *amicus curiæ* had authority to make the motion to set aside the service of the summons in this case.

As to the legality of the service of the summons the service does not comply with the test laid down by the United States Supreme Court in *Wuchter* v. *Pizzutti,* 276 *U. S.* 13 (72 *L. Ed.* 447), in which case Chief Justice Taft, writing the opinion for the court concerning a statute of the State of New Jersey relating to service of process, had this to say:

"The question made in the present case is whether a statute, making the secretary of state the person to receive the process, must, in order to be valid, contain a provision making it reasonably probable that notice of the service on the secretary will be communicated to the non-resident defendant who is sued. Section 232 of the laws of 1924 makes no such requirement and we have not been shown any provision in any applicable law of the State of New Jersey requiring such communication."

It was not reasonably probable in the instant case that the notice of the service was communicated to the defendant Lemmerman. This was impossible because of his death. The service did not comply with the law in obtaining a registered receipt showing service upon the defendant nor did the commissioner, or a person in his office, comply with the statute in endorsing on the summons and complaint the date of the receipt of the return card required to be obtained under the statute. For the foregoing reasons service of the summons and complaint in this cause intended for the defendant Lemmerman will be set aside.