## Middlesex County Court of Common Pleas.

LEON S. LEPRE, PLAINTIFF, v. REAL ESTATE-LAND TITLE
TRUST COMPANY, EXECUTOR OF THE ESTATE OF
MABEL HANCOCK, DECEASED, DEFENDANT.

Decided November 8, 1933.

For the motion, *Cox & Walberg.*

*Contra, Theodore Strong & Sons.*

LYON, J. This is on a motion of defendant by special
appearance to set aside the service of the summons and com-
plaint in the above entitled cause.

The action arises out of an automobile accident occurring
in New Jersey on August 18th, 1933, in which the plaintiff
was injured, and in which one Mabel Hancock, the owner
and operator of the car involved in the accident, was instantly
killed. She was a non-resident of this state, being a resident
of Pennsylvania, and had her driver's license and car regis-
tered in compliance with the laws of that state. She was not
licensed under the provisions of the laws of New Jersey.

Summons and complaint were issued and delivered to the

commissioner of motor vehicles, pursuant to the laws of 1930, chapter 69, page 295. *Cum. Supp. Comp. Stat., p.* 1048, 135-96 a (1). The defendant in the action is the Real Estate-Land Title Trust Company, the executor of the estate of the said Mabel Hancock. The motor commissioner's return shows his acknowledgment as of the 16th day of September, 1933, and the registry return receipt required by the act is signed "The Real Estate-Land Title Trust Company, E. K. Merrill, Ass't. Sec'y." No other service under that section of the act was made and no other registry receipt was received by the commissioner. The propriety of this service is attacked by the defendant.

It is clear that this method of service is wholly statutory and that the terms of the statute must be carried out to make a legal service. Manifestly these terms cannot be carried out in the case of a deceased owner or operator, because such person cannot receive the registered mail required, nor sign the return receipt. In the case of *Boyd* v. *Lemmerman,* 11 *N. J. Mis. R.* 701; 168 *Atl. Rep.* 47, the Supreme Court held as follows: "In actions involving automobile accident, service on non-resident defendant through commissioner of motor vehicles was invalid, where defendant died before suit was brought."

Furthermore, the provision of the act which provides for service on the commissioner of motor vehicles constitutes him the "agent for the acceptance of process in any civil suit." The rule that death revokes agency is too well settled to require citation of authorities.

The service of the summons and complaint attempted to be made under the provisions of section 1, *supra,* would have to be set aside.

After the accident one William Rossmeyer, the proprietor of a garage, took the car of Mabel Hancock into his garage in Middlesex county, in this state, where it is still held by him as security for a towing and storage bill. Rossmeyer has made an affidavit in which he sets forth his custody of the said car, and that he is keeping it for security; that he is informed and believes that the car is registered in the name of Mabel Hancock, of Lexington Apartments, Philadelphia,

Pennsylvania, as owner, and that the Real Estate-Land Title Trust Company is the executor of her estate; that his information is based on correspondence between himself and Russell Wolfe, an attorney of Philadelphia, who has represented himself to be the attorney for the estate of said Mabel Hancock.

After the rule to show cause why the service of the summons and complaint should not be set aside for the reasons above referred to, plaintiff attempted to make another and different service under section 3 of the act. *Cum. Supp. Comp. Stat., p.* 1049, 135-96 a (3). In such attempt a service was made as shown by the officer's return on the summons and complaint as follows:

"I served the within Summons and Complaint October 11th, 1933, on William Rossmeyer, he being the person in whose custody the within named car, Chevrolet sedan with 1933 Pennsylvania license plates D-2728, by leaving a copy thereof with him at Bob's Auto Service on the Lincoln Highway, Raritan Township, New Jersey, and did post a copy of the within Summons and Complaint on the said car, which may be found at Bob's Auto Service, Lincoln Highway, Raritan Township, New Jersey, in accordance with Sec. 3 of Chap. 69 of the Laws of 1930.

ALEN H. ELY.

By GEORGE L. HOWLEY,
                Special Deputy Sheriff."

It has been agreed between counsel that the validity of such service shall also be determined on this motion.

The propriety of this service has been challenged on several grounds: that the third section of the act in question does not provide for any method of service upon the legal representative of the deceased; because an attempt has been made to acquire jurisdiction *in personam* against a non-resident by a substituted service based upon a *situs* of the property of a non-resident; that said section 3, as far as it fails to provide a procedure by which it would be reasonably probable that notice of the action would be communi-

cated to the non-resident who is sued, is unconstitutional under the case of *Wutcher* v. *Pizzutti, 276 U. S. 13.*

Since jurisdiction over the person of the defendant is purely statutory, service of process in order to be valid must be in accordance with some provision of the law. No such provision under which an executor may be served in cases like the present has been cited. In fact it is clear that there is none.

Furthermore it is claimed by the defendant that under the decision in the Wutcher case there has been no legal service at all; that is to say, the delivery of the summons and complaint to the garage man who happens to have the car in his possession is not a service on the defendant executor because there is no "provision making it reasonably probable that notice of the service on the custodian will be communicated to the non-resident defendant who is sued."

This is an action *in personam* and under the due process of law clause of the United States constitution no judgment against a person in another state can be rendered unless notice thereof has been given to the defendant.

It is contended and seems quite clear that the third section of the act under which the second attempt at service was made is subject to the same infirmity as was the section which was the subject of the court's consideration in the Wutcher case.

It is not a question as to the probability of a custodian on his own initiative communicating to a defendant the fact that he had been served. It is rather a question of the law making a provision that such should be done.

Chief Justice Taft says in the above cited case:

"We think that *a law* with the effect of this one *should make a reasonable provision* for such probable communication. We quite agree, and, indeed, have so held in the Pawloski case, that the act of a non-resident in using the highways of another state may be properly declared to be an agreement to accept service of summons in a suit growing out of the use of the highway by the owner of the automobile, but the enforced acceptance of the service of process on a state officer by the defendant would not be fair or due process

unless such officer or the plaintiff *is required to mail the notice to the defendant, or to advise him, by some written communication, so as to make it reasonably probable that he will receive actual notice.*"

Since there is no provision in the third section requiring notice of some kind to be given to the defendant I think the attempted service under it is not effective.

The service of the summons and complaint will be set aside.