Brauer Machine and Supply Company for use of Bituminous Casualty Corporation, Appellant, v. Parkhill Truck Company, Appellee.

Opinion filed March 2, 1943.

SMITH, McCOLLUM & RIGGLE, of Flora, for appellant.

HARVEY D. McCOLLUM, of Louisville, and KRAMER, CAMPBELL, COSTELLO & WIECHERT, of East St. Louis, for appellee.

MR. JUSTICE BRISTOW delivered the opinion of the court.

On December 20, 1938, the Parkhill Trucking Co., an Oklahoma corporation engaged in general trucking business, transported a large steel derrick by one of its trucks driven by J. L. Caskie, from Tulsa, Oklahoma to the Brauer Machine and Supply Company, a corporation located at Clay City, Illinois. The machine shop to which this derrick was delivered is located just off State Bond Issue Road No. 12. The various employees of the trucking company and the machine shop began unloading the derrick, where-

upon one of the employees of the machine shop was injured. A claim for compensation under the Workmen's Compensation Act was filed. Liability thereunder was established in the amount of $2,252.39. Settlement therefor was made through the machine shop's carrier, the Bituminous Casualty Company.

A complaint was filed in the Clay county circuit court alleging that the injury suffered by the above-mentioned employee was due to the negligence of the trucking company, and that the Bituminous Casualty Company are subrogated to the right to recover the amount paid out by them. It is deemed unnecessary for the purpose of the decision to relate the various charges of negligence.

Process of summons against the nonresident corporate defendant was issued and returned not served by the sheriff of Clay county, Illinois. Thereupon, service of summons was had under the provisions of section 20a of "An Act in Relation to Motor Vehicles and to repeal a certain act therein named (approved June 20th, 1919)." The language of said act reads as follows: "The use and operation by a nonresident of a motor vehicle over the highways of the State of Illinois, shall be deemed an appointment of such nonresident of the Secretary of State, to be true and lawful attorney upon whom may be served all legal process in any action or proceeding against him, growing out of such use or resulting in damage or loss to personal property, and said use or operation shall be a signification of his agreement that any such process against him which is so served, shall be of the same legal force and validity as though served upon him personally. Service of such process shall be made by serving a copy upon the Secretary of State, or by filing such copy in his office, together with a bond conditioned on the failure of the plaintiff to prevail in the action in the sum of five hundred dollars ($500.00), with sureties to be approved by the Sec-

retary of State, for the purpose of reimbursing the defendant for the expenses necessarily incurred by him in coming into this state to defend the action, and a fee of two dollars, and such service shall be sufficient service upon said nonresident, if notice of such service and copy of process are, within ten days thereafter, sent by registered mail by the plaintiff to the defendant, at the last known address of the defendant, and the plaintiff's affidavit of compliance wherewith is appended to the summons."

The defendant, limiting its appearance for the purpose of the motion only, filed its written motion, asking the trial court to quash the service of summons upon the grounds that the injuries complained of did not grow out of, or result from, the use and operation of defendant's truck upon the public highway, but on the contrary occurred while said truck was off the highway and the defendant was engaged in the process of unloading a derrick into the machine shop of the plaintiff. Supporting this motion is filed the affidavit of J. L. Caskie stating that he was present on the date that plaintiff's employee was injured, and that he was the driver of the defendant's truck; that at the time of the injuries the truck was not being used or operated on any part of the highways of the State of Illinois.

The trial court sustained the motion of the defendant. This appeal by the plaintiff to this court resulted.

It is claimed by plaintiff-appellant on this appeal that service of process on the defendant-appellant was fully authorized and warranted under section 20a above quoted. A broad and liberal construction of this statute is urged in order that an obvious legislative intent to remedy certain evils may be accomplished. By quoting from the argument of the appellant as presented in his printed brief, we can best outline the contentions made in its behalf: "In this

case the defendant-appellee is a nonresident corporation, unlicensed to do business within this state under the Business Corporation Act, and is engaged in a general trucking business. It saw fit to accept a contract to transport from Tulsa, Oklahoma, to the place of business of plaintiff-appellant near Clay City, Illinois, a heavy steel derrick. It brought its truck to our state border, then used a public highway, continuing its objective over a public highway to a point where such highway passes the place of business of plaintiff-appellant. Then, and yet carrying out its purpose and contractual obligation, drove its truck off of the highway and into plaintiff-appellant's place of business, located immediately adjacent to such highway. Then, in furtherance of its intention and in carrying out its contractual obligation, its agent, in assisting and carrying out the final consummation of its object in bringing its truck within the boundaries of our state, namely, the unloading and delivering of the steel derrick to plaintiff-appellant, committed the negligent act alleged in the complaint as the cause of the injuries sustained by plaintiff-appellant's employee. The unloading of the steel derrick was an essential part of the project of defendant-appellee and in itself the reason for the use of our highways in transporting such derrick. If the derrick were not to be unloaded there would be no reason for the use of our highways in transporting the derrick to its point of destination. The unloading of such derrick at its place of destination was the object of its transportation and, as such, an integral part of the acts, conduct and objective of the defendant-appellee and such objective could only be attained by the final act of the driver of defendant-appellee's truck and the act causing the injury complained of, namely, the driving of the truck from under the structure to permit its being lowered to the foundation placed for the derrick. It was only by the unloading that the con-

tractual obligation of defendant-appellee could be completed and its truck released from such use to return to its point of origin or to such place as defendant-appellee might determine in the conduct of its business, again using the public highways of the state."

The only case in Illinois construing section 20a is that of *Jones v. Pebler,* 371 Ill. 309, in which the words "nonresident" were construed to apply to corporations as well as to persons. Quoting from this opinion, it is as follows: "A primary purpose of statutory construction is to ascertain the intention of the legislature. In determining this intent courts consider the language used, the evil to be remedied and the object to be attained (*Burke v. Industrial Com.,* 368 Ill. 554; *Schoellkopf v. DeVry,* 366 id. 39; *People v. Hughes,* 357 id. 524). If the language employed admits of two constructions, one of which makes the enactment absurd, if not mischievous, while the other renders it reasonable and wholesome, the construction which leads to an absurd result should be avoided. *Burke v. Industrial Com.,* supra; *Patterson Pure Food Pie Co. v. Industrial Com.,* 335 Ill. 476.

"At least thirty-five states authorize the commencement of suit against nonresident motorists by substituted service on a public official of the state where the cause of action arises, the official being made for this purpose the agent or attorney of the nonresident motorists. These statutes usually make the mere operation of a motor vehicle on the highway by a nonresident the equivalent of a formal appointment of a public officer as agent for receiving service of process (Maurice S. Culp, 'Process in Actions against Nonresident Motorists,' 32 Michigan L. R., p. 325). In *Pawloski v. Hess,* 250 Mass. 22, referring to statutory provisions corresponding to section 20a of our Motor Vehicle law, the Supreme Judicial Court of Massachusetts said: 'The aim of the statute is to facilitate

the enforcement of civil remedies by those injured in their person or property by the negligent or wanton operation of motor vehicles upon the highways of this Commonwealth. . . . The general court well may have thought that one effective means for curbing negligence or wanton misconduct in the operation of motor vehicles would be the existence of swift, inexpensive and adequate remedy for injuries flowing therefrom. When one sustaining damage within this Commonwealth from the negligence or wanton misconduct of a nonresident is compelled to seek relief in the courts of a jurisdiction where personal service of process may be made upon him, ''in many instances the cost of the remedy would'' largely exceed ''the value of its fruits. . . . The result would be, to a large extent, immunity from all legal responsibility'' on the part of such nonresident.' '' It will appear that this case is not helpful in determining the question involved in the case at bar.

In the case of *Hess v. Pawloski*, 274 U. S. 352, which is referred to in the *Jones v. Pebler* case, there is an enlightening analysis of the principles underlying the necessity for and constitutionality of a provision for substituted service as provided for in the instant case. A careful reading of this case discloses the grave dangers encountered in giving such a section as 20a a too liberal construction. Quoting therefrom at page 355 as follows: ''The process of a court of one state cannot run into another and summon a party there domiciled to respond to proceedings against him. Notice sent outside the state to a nonresident is unavailing to give jurisdiction in an action against him personally for money recovery. *Pennoyer v. Neff*, 95 U. S. 714. There must be actual service within the state of notice upon him or upon some one authorized to accept service for him. *Goldey v. Morning News*, 156 U. S. 518. A personal judgment rendered against a nonresident who has neither been served with process

nor appeared in the suit is without validity. *McDonald v. Mabee,* 243 U. S. 90. The mere transaction of business in a state by nonresident natural persons does not imply consent to be bound by the process of its courts. *Flexner v. Farson,* 248 U. S. 289. The power of a state to exclude foreign corporations, although not absolute but qualified, is the ground on which such an implication is supported as to them. *Pennsylvania Fire Insurance Co. v. Gold Issue Mining Co.,* 243 U. S. 93, 96. But a state may not withhold from nonresident individuals the right of doing business therein. The privileges and immunities clause of the Constitution, Sec. 2, Art. LV, safeguards to the citizens of one state the right 'to pass through, or to reside in any other state for purposes of trade, agriculture, professional pursuits, or otherwise.' And it prohibits state legislation discriminating against citizens of other states. *Corfield v. Coryell,* 4 Wash. C. C. 371, 381; *Ward v. Maryland,* 12 Wall. 418, 430; *Paul v. Virginia,* 8 Wall. 168, 180.

"Motor vehicles are dangerous machines; and, even when skillfully and carefully operated, their use is attended by serious dangers to persons and property. In the public interest the state may make and enforce regulations reasonably calculated to promote care on the part of all, residents and nonresidents alike, who use its highways. The measure in question operates to require a nonresident to answer for his conduct in the state where arise causes of action alleged against him, as well as to provide for a claimant a convenient method by which he may sue to enforce his rights. Under the statute the implied consent is limited to proceedings growing out of accidents or collisions on a highway in which the nonresident may be involved. It is required that he shall actually receive and receipt for notice of the service and a copy of the process. And it contemplates such continuances as may be found necessary to give reasonable time and oppor-

tunity for defense. It makes no hostile discrimination against nonresidents but tends to put them on the same footing as residents. Literal and precise equality in respect of this matter is not attainable; it is not required. *Canadian Northern Ry. Co. v. Eggen,* 252 U. S. 553, 561–562. The state's power to regulate the use of its highways extends to their use by nonresidents as well as by residents. *Hendrick v. Maryland,* 235 U. S. 610, 622. And, in advance of the operation of a motor vehicle on its highway by a nonresident the state may require him to appoint one of its officials as his agent on whom process may be served in proceedings growing out of such use. *Kane v. New Jersey,* 242 U. S. 160, 167. That case recognizes power of the state to exclude a nonresident until the formal appointment is made. And, having the power so to exclude, the state may declare that use of the highway by the nonresident is the equivalent of the appointment of the registrar as agent on whom process may be served. Cf. *Pennsylvania Fire Insurance Co. v. Gold Issue Mining Co.,* supra, 961; *Lafayette Insurance Co. v. French,* 18 How. 404, 407–408. The difference between the formal and implied appointment is not substantial so far as concerns the application of the due-process clause of the Fourteenth Amendment.''

Although it may seemingly prolong this opinion unduly to quote at length from another opinion, we deem it profitable to do so, inasmuch as the issues involved therein are so similar to the ones in the case under consideration. In the case of *Finn v. Schreiber,* 35 F. Supp. 638, in the United States Court for the Western District of New York, the court said at page 639: ''The defendants move for judgment under subdivision (b) of Rule 12 of the Rules of Civil Procedure, 28 U. S. C. A. following section 723c, on the ground that the court lacks jurisdiction of the persons of the defendants. The action is in negligence. Serv-

ice of the summons and complaint was made upon the Secretary of State of New York, allegedly pursuant to the provisions of Section 52 of the Vehicle and Traffic Law of the State of New York, Consol. Laws N. Y. c. 71. Assuming for the purposes of this motion that the matters as alleged in the complaint are true, the facts are these. On or about April 9, 1940, the Schreiber Trucking Company, by its employee, defendant Good, was operating a truck in the Village of Webster, Monroe County, New York, and, when near the plaintiff's Gas Service Station, one of the tires of said truck went flat. The truck was driven by defendant Good into plaintiff's station 'near the air pump tower.' While the spare tire was being inflated by the plaintiff, the lock rim was forced off the tire and propelled against plaintiff, causing the injuries alleged. It is the claim of the plaintiff that the spare tire was knowingly defective and that plaintiff was directed to inflate it beyond its capacity.

"Section 52 aforesaid, so far as pertinent, provides that: 'The operation by a nonresident of a motor vehicle . . . on a public highway in this state, or the operation on a public highway, . . . of a motor vehicle . . . owned by a nonresident if so operated with his consent, . . . shall be deemed equivalent to an appointment by such nonresident of the Secretary of State to be his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident or collision in which such nonresident may be involved while operating a motor vehicle on such a public highway . . .' The constitutionality of this statute is not here in question. There could be little question of such constitutionality in the light of the decision in *Hess v. Pawloski,* 274 U. S. 352, 47 S. Ct. 632, 71 L. Ed. 1091, which held constitutional the Massachusetts statute, Chapter 90, General Laws of Mass., as amended by Stat. 1923, Sec. 2, which statute

is in material substance the same as that of section 52, supra.'' And on page 640: ''In *Hess v. Pawloski,* supra, the decision was based upon the right of the state under its police power to regulate the use of the public highways by nonresidents as well as by residents, and the distinction is made clear between such an act and one which would exclude a nonresident from doing business within the state. The court there points out that in such latter case actual service must be made upon the individual to give jurisdiction. Following this decision of the Supreme Court, it is obvious that, section 52 would be unconstitutional if it was intended to permit service on residents of other states as therein provided in actions not arising from a negligent use of the public highways. This section 52 specifically applies only to accidents or collisions where the vehicle was being operated on a public highway. Concededly the replacement of the tire was not made on 'any highway, road, street, avenue, alley.' '' And on page 641: ''Aside from the contention that the locale where this retiring was being done was a public place, it is claimed that the blow-out, which occurred upon the public highway, is 'directly connected with or proximate to the accident or misadventure which caused the original flat tire on defendant's truck. The injury is proximate to the original accident, since if it were not for that first flat tire, there would be no need of inflating the tire.' It is claimed that it must be construed here that this accident must be considered to have 'arisen from and grown out of defendant's use of the public highway of the State of New York,' by reason of these facts and that, therefore, it can be maintained. It does not seem that there can be any substance in this contention. The negligence is alleged to have been sustained by virtue of the act of defendant's employee. It is true that the injuries would not have resulted if there had been no flat tire, but the

negligent act itself was not a necessary cause of the injury. It was entirely disconnected with it in so far as the acts constituting negligence are concerned. As well it might be urged that where an individual had suffered personal injuries in a collision upon the highways and had subsequently gone into some gasoline station where, in an enfeebled condition, he sustained injuries caused by some person on such private premises but the latter injuries are necessarily connected with the former. There is nothing in the instant case to show that the flat resulted from any 'accident or collision' within the meaning of these words as used in section 52.'' We are of the opinion that the reasoning in this case affords a complete and logical answer to all of appellant's contentions.

Appellant insists that the Illinois Statute is broader than the above-quoted New York Statute in that it uses the words ''use and operation'' instead of simply the word ''operation.'' We do not believe that the legislature contemplated by the addition of the word ''use'' any different interpretation than that rendered in the State of New York. Had the legislature intended that every nonresident who used or operated a motor vehicle on the highways of Illinois could be sued in this state for any accident whether it occurred on or off the highway, they could have very easily employed terms of general liability. This they did not do.

We accede to appellant's argument that if a truck were negligently operated upon the highway, and ran off the pavement onto private property and caused damage, that section 20a would be applicable. This obviously is a case that is contemplated by the statute. The object of the statute is to control and regulate use and operation of motor vehicles over the highways of Illinois, for the safety and convenience of all persons enjoying the use of the highways. If appellants argument is tenable that the unloading of the

derrick in question was a necessary part of his operations in carrying out his contract to deliver the derrick, and that this involved the "use" of the highway, we might carry the analogy one step further and say that it would be just as reasonable to say that had the truck driver needed equipment to affect such unloading and he had purchased the same, in default of payment therefor that suit with implied consent to process would lie. We think not.

Appellant further argues that since the truck was still carrying out the purposes of its mission in unloading the derrick, that it involved the use of the highway as contemplated by the statute in question. Let us suppose that after the truck was unloaded, the one in charge was compelled to go to a bank to secure funds for his return trip, and enroute that he negligently injured someone while operating his truck in a private parking lot, he would certainly be carrying out the purposes of his general mission, but no one would contend that section 20a could be invoked to obtain service on such wrong doer.

Other errors are assigned by appellant, but in view of the conclusion reached herein, we deem it unnecessary to consider them.

The action of the circuit court in sustaining the motion to quash service of summons was correct, and therefore, the order and judgment appealed from by the appellant is affirmed.

*Judgment affirmed.*