**WALTON v. STEPHENS.**

Civ. No. 329.

United States District Court,
W. D. Virginia, at Abingdon.

March 1, 1954.

Samuel A. Kushner, Danville, Va., for plaintiff.

Joseph M. Winston, Jr., and Grasty Crews, II, Danville, Va., for defendant.

**2**

BARKSDALE, District Judge.

This action, instituted in the Corporation Court of the City of Danville, Va., was removed to this court upon the ground of diversity of citizenship. For his cause of action, plaintiff has alleged that on July 26, 1953, defendant's agent drove defendant's large truck and trailer into the service station in Danville at which plaintiff was employed and instructed him to put air in the tires of the trailer, but that, while in close proximity to one of the tires and preparing to attach the air valve thereto, the rim of the tire blew off, inflicting serious personal injuries upon the plaintiff. Plaintiff further alleges that the rim had been negligently attached to the tire, that the same rim had blown off on two other occasions, causing personal injury to others, and that defendant's negligence in not properly attaching the rim to the wheel and not warning the plaintiff of the danger, was the direct and proximate cause of plaintiff's injury. For his injuries, plaintiff demanded judgment in the sum of $20,000.

Prior to entering the service station, concededly, defendant's vehicle had been operated over the highways of this Commonwealth, and defendant, being a nonresident, service of process on him was had by serving the process on the Commissioner of the Division of Motor Vehicles of Virginia as statutory attorney of the defendant for the service of process, under the provisions of Section 8–67.1 et seq., of the Code of Virginia.

So far as is here pertinent, the provisions of Section 8–67.1 are as follows:

"The acceptance by a nonresident of the rights and privileges conferred by article 6 of chapter 3 of Title 46 as evidenced by his operation, either in person or by an agent or employee, of a motor vehicle, trailer or semitrailer hereunder, or the operation by a nonresident, either in person or by an agent or employee, of a motor vehicle, trailer or semitrailer *on a highway in this State* otherwise than under such article, shall be deemed equivalent to an appointment by such nonresident of the Commissioner of the Division of Motor Vehicles * * * to be the true and lawful attorney of such nonresident upon whom may be served all lawful process against and notice to such nonresident in any action or proceeding against him growing out of any accident or collision in which such nonresident or his agent or employee may be involved *while operating a motor vehicle*, trailer or semitrailer *on such highway,* and such acceptance or operation shall be a signification of his agreement that any such process against or notice to him which is so served shall be of the same legal force and validity as if served upon him personally in the county or corporation in which such accident or collision occurred or in which a resident defendant, if any, resides." (Italics mine.)

It is conceded that the prescribed procedure for such service was followed, but defendant has moved to dismiss this action upon the ground that plaintiff's cause of action did not arise out of any accident or collision upon a highway of this State within the meaning of the statute, and that therefore the attempted service of process was valid and of no effect.

As defined by Section 46–1(8), a highway is defined as follows:

" 'Highway'.—Every way or place of whatever nature open to the use of the public for purposes of vehicular travel in this State, including the streets and alleys in towns and cities."

In Crouse v. Pugh, 188 Va. 156, 164, 49 S.E.2d 421, 426, 4 A.L.R.2d 1242, the Court said:

"This section needs no construction. Its meaning is perfectly plain, comprehensive and unambiguous. It does not limit the meaning of the word 'highway' to a hard-surfaced or partly hard-surfaced way or to a dirt and gravel way. It

does not confine a highway to the main-travelled portion of the way or to lanes specifically designated for vehicular traffic. No exception is made as to the shoulders or slopes of a way. The nature of the way or place is not determined by whether the way is improved or consists of dirt and gravel. The paving of a way does not make it a 'highway.' The true test is whether the 'way or place of whatever nature' is 'open to the use of the public for purposes of vehicular travel.' We find nothing in the context of the Motor Vehicle Code which indicates a different meaning."

It would seem that no citation of authority is necessary for the conclusion that the premises of the service station were not a highway or any part thereof. The premises of the service station were open to the public upon invitation of the proprietor, which invitation he might terminate or limit at will. Obviously, the premises of the service station were not "open to the use of the public for purposes of vehicular travel."

Counsel for defendant contend that the accident which is the basis of this action was not an accident or collision in which the non-resident was "involved while *operating*" *his motor vehicle,* but rather that it was an accident which occurred in the course of the *maintenance* of the vehicle, and that therefore the accident here in controversy would not have come within the purview of the statute even if it had occurred while the vehicle was actually on a "highway". However, I do not find it necessary for a decision on the question here presented to consider this contention.

Defendant's main contention, and the one which I believe to be unquestionably sound, is that this action is not one "growing out of any accident or collision in which" a non-resident was "involved while operating a motor vehicle, * * * on such highway, * * *." (The "such highway" referring back to the phrase, "a highway of this State" in the early part of the section). Counsel

have cited no decision of the Supreme Court of Appeals of Virginia, or any other Virginia court, on the question here presented, nor do I find any.

This statute came before me once before in the case of Warner v. Maddox, D.C., 68 F.Supp. 27, 29. There, an automobile operated by a citizen of Virginia collided with an automobile operated by a citizen of Connecticut, who was instantly killed as a result of the collision, and his passengers sustained personal injuries. The passengers instituted their actions in this District against both the Virginia operator and the personal representative of the deceased Connecticut operator, serving process upon the latter under the provisions of the statute here in controversy. The Connecticut personal representative moved to quash such service upon him upon the ground that the statute does not provide for such service upon a personal representative. In sustaining the motion to quash, I then said:

"Inasmuch as the statute contains no express provision for service upon a personal representative, and as the statute must be strictly construed and not extended by implication, it is my conclusion that the motion of the personal representative here to quash the service must be granted and the complaint dismissed as to him.

"So far as I know, this question has never been presented to the Supreme Court of Appeals of Virginia. However, there are decisions from other jurisdictions sustaining the position which I take, and none to the contrary have been cited to me nor do I find any. State ex rel. Ledin v. Davison, 216 Wis. 216, 256 N.W. 718, 96 A.L.R. 589; Dowling v. Winters, 208 N.C. 521, 181 S.E. 751; Lepre v. Real Estate-Land Title Trust Co., 168 A. 858, 11 N.J. Misc. 887."

Subsequent to the decision in Warner v. Maddox, supra, the General Assembly of Virginia, at its 1952 Ses-

sion, added an amendatory paragraph to the Section 8–67.1 of the Code of Virginia (the statute here under consideration), specifically providing for the service of process on the executor, administrator or other personal representative of a non-resident who has been "involved in an accident or collision in this Commonwealth" and who has died prior to the commencement of an action against him. Counsel for the plaintiff contends here that the use of the phrase, "in this Commonwealth", in this amendatory paragraph, broadens the scope of the entire statute so as to authorize service of process upon the Motor Vehicle Commissioner as statutory agent in all cases where a non-resident has been involved in an accident or collision "in this Commonwealth"; whether on a highway or not. I cannot agree with this contention. It appears plain to me that the only purpose of the amendatory paragraph was to authorize service under the statute on the personal representative of a deceased non-resident operator who might be involved in such an accident or collision as described in the first paragraph of the statute. If the Legislature had intended to include within the purview of this statute all accidents or collisions involving non-resident operators, whether on a highway or not, it would have been perfectly simple to so amend the first, and controlling, paragraph of the statute.

The precise questions here presented, upon a set of facts almost identical to the factual situation here presented, came before the District Court for the Western District of New York in Finn v. Schreiber, 35 F.Supp. 638, 639. At that time, the New York statute, Vehicle and Traffic Law, McK.Consol.Laws, c. 71, § 52, was practically identical with the Virginia statute. The New York statute used the expression, "public highway in this state," while the Virginia statute used the expression, "on a highway in this State". In view of the definition of "highway" quoted above, this difference in phraseology seems inconsequential. Citing decisions of inferior New York courts, that neither an accident which happened on the grounds of the Saratoga Race Track, or an accident occurring in a garage, came within the purview of the statute, Judge Knight held that the accident which occurred on the premises of a service station did not come within the purview of the statute.

It is interesting to note that, since Judge Knight's decision in Finn v. Schreiber, supra, the New York statute has been amended by substituting "in this state" for the previous language "on a public highway in this state", and substituting "while being operated in this state" for "while being operated on such highway". While our Legislature, as suggested above, might have amended our statute in similar fashion, it has not seen fit to do so.

In Sipe v. Moyers, 353 Pa. 75, 44 A.2d 263, it was held that an accident involving a non-resident which took place "on the premises of Anchor Hocking Glass Company, South Connellsville, Pennsylvania", came within the purview of the statute. However, this decision is in no wise in conflict with my conclusion, because the Pennsylvania Non-Resident Motorist Act, in terms, applied to non-resident operators operating their vehicles "within the Commonwealth of Pennsylvania," and applied to actions "arising out of, or by reason of, any accident or collision occurring within the Commonwealth." The Court said:

"It is significant that the terms of the enactment (the Pennsylvania statute) do not restrict its operation to actions arising from the use of the highway as did the Massachusetts statute in Hess v. Pawloski, supra [274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091]."

In Brauer Machine & Supply Co. v. Parkhill Truck Co., 318 Ill.App. 56, 47 N.E.2d 521, the accident occurred on private property near the highway over which the non-resident had traveled. Plaintiff vigorously contended that a broad and liberal construction of the Illinois statute, which was quite similar

to ours, should be given it in order that the obvious legislative intent to remedy certain evils might be accomplished. However, the court held that the accident did not come within the purview of the statute. The court said, 47 N.E.2d at page 524:

"Under the statute the implied consent is limited to proceedings growing out of accidents or collisions on a highway in which the nonresident may be involved",

and further, the court said, 47 N.E.2d at page 525:

"Appellant insists that the Illinois Statute is broader than the above quoted New York Statute in that it uses the words 'use and operation' instead of simply the word 'operation'. We do not believe that the legislature contemplated by the addition of the word 'use' any different interpretation than that rendered in the State of New York. Had the legislature intended that every nonresident who used or operated a motor vehicle on the highways of Illinois could be sued in this state for any accident whether it occurred on or off the highway, they could have very easily employed terms of general liability. *This they did not do.*" (Italics mine.)

Plaintiff's counsel earnestly contends here that the Virginia statute should be given a broad and liberal construction, pointing out the hardship which will result to plaintiff if he cannot prosecute his action against defendant in this court, or a court of this Commonwealth, by serving his process on the defendant through a statutory agent. Obviously, it would be greatly to the advantage of the plaintiff if he could bring the defendant into court where his cause of action arose. However, I have no power to legislate: I can only construe the statute as it has been enacted. I cannot stretch a statute which obviously is in derogation of the common law, for the convenience of parties. The statute here in question, in terms, applies only

to accidents or collisions in which nonresidents were involved while operating motor vehicles "on a highway in this state". This accident did not occur on such a highway or on any highway. It is therefore my conclusion that the motion to dismiss must be granted.