Francis Cogswell GREGORY, by his Guardian ad Litem, P. C. Gregory, Jr., Plaintiff,

v.

Cora WHITE, Administratrix of the Estate of Clarence White, deceased, Defendant.

Civ. A. No. 2123.

United States District Court
W. D. South Carolina,
Greenville Division.

June 17, 1957.

W. Francis Marion, Donald L. Ferguson, Haynsworth, Perry, Bryant, Marion & Johnstone, Greenville, S. C., for plaintiff.

Willimon & Ray, Greenville, S. C., for defendant.

WYCHE, Chief Judge.

The above case is before me upon motion of the defendant for an order quashing the purported service of process upon the defendant and to dismiss the complaint upon the following grounds: "that service of the Complaint was through the South Carolina Highway Commissioner, under Title 46–104, Code of Laws of S.C.1952, is illegal and ineffective and does not apply to this defendant as the defendant is a non-resident, personal representative of a non-resident deceased motorist, and such purported service does not subject said defendant to the jurisdiction of this court."

The plaintiff Francis Cogswell Gregory is a resident of South Carolina. The defendant is a non-resident administratrix of the estate of a non-resident decedent Clarence White.

The cause of action grows out of a motor vehicle collision on a public highway in South Carolina between the automobile of the plaintiff and the automobile owned and driven by the non-resident motorist Clarence White, in which the plaintiff suffered personal injuries and the non-resident Clarence White lost his life. Service of the complaint was made

upon the Chief Highway Commissioner, under the provisions of the South Carolina non-resident motor vehicle service of process statute, Section 46–104, Code of Laws of South Carolina 1952. The administratrix has not been personally served unless the service under the above statute amounts to personal service.

The question before me is whether service of process in conformity with the South Carolina statute (Section 46–104, Code of Laws of South Carolina 1952[1]) gives this court jurisdiction of the person of the defendant in her capacity as administratrix of the estate of the decedent non-resident motorist Clarence White.

■ The statute providing for service of process on non-residents in actions arising out of an accident or collision of motor vehicles on public highways in South Carolina, when originally passed made no provision for service of process upon an administrator or personal representative of a deceased non-resident motorist, who, if living, might have been served with process under the statute. However, in 1949, the General Assembly of South Carolina, amended the non-resident motor vehicle owner statute by providing the procedure to be followed in actions against a non-resident motorist using the highways of South Carolina, in actions arising out of accidents or collisions of motor vehicles in the event the non-resident motorist causing injuries or death shall have died. See, Section 10–212, Code of Laws of South Carolina 1952[2]. This amendment is evidence that the original statute did not intend that the Chief Highway Commissioner was to be the agent of a deceased non-resident motorist's administrator or personal representative upon whom process could be served.

The plaintiff has not pursued the procedure prescribed by the amendment of 1949, but has served the Virginia-appointed administratrix of the decedent motorist by serving process upon the Chief Highway Commissioner.

■ It is a general rule that an administrator cannot be sued outside of the state of his appointment in an action for the recovery of money.

Counsel for the plaintiff argues that since plaintiff's action survives against

1. "§ 46–104. Chief Highway Commissioner attorney of nonresidents for service of process. The acceptance by a nonresident of the rights and privileges conferred by the laws in force in this State permitting the operation of motor vehicles, as evidenced by the operation of a motor vehicle by such nonresident on the public highways, the streets of any incorporated municipality or the public roads of this State or the operation by such nonresident of a motor vehicle on any such public highways, streets or public roads other than as so permitted or regulated shall be deemed equivalent to the appointment by such nonresident of the Chief Highway Commissioner or of his successor in office to be his true and lawful attorney upon whom may be served all summons or other lawful process in any such action or proceeding against him growing out of any accident or collision in which such nonresident may be involved by reason of the operation by him, for him or under his control or direction, express or implied, of a motor vehicle on such public highways, streets or public roads. Such acceptance or operation shall be a signification of his agreement that any such process against him shall be of the same legal force and validity as if served on him personally."

2. "§ 10–212. Local representative of deceased nonresident tort-feasor by operation of motor vehicle. In the event a nonresident who shall have operated a motor vehicle on the public highways or streets of any incorporated municipality of this State causing injuries or death shall have died, any person who may have an interest therein may apply to the probate court of the county of residence of such party so interested or of the county in which such wrong may have been inflicted for the appointment of a personal representative of such deceased wrongdoer and, upon such appointment, action may be commenced against such personal representative of such nonresident deceased and service of such process shall be made upon such personal representative and a copy of such process mailed to the address of such deceased person as provided in § 10–431."

a non-resident motorist's estate under the South Carolina Survival Statute, the service upon his administrator, under the South Carolina non-resident motorist service statute, gives this court jurisdiction.

 I am concerned primarily with the meaning of the South Carolina non-resident motorist service of process statute. No provision is made in that statute for substituted service on the administrator or personal representative of a deceased non-resident motorist owner. The words of the statute are clear and free from all ambiguity and I am bound by the provisions of the South Carolina statute. This conclusion is supported by numerous authorities, some of which are as follows: Dowling v. Winters, 208 N.C. 521, 181 S.E. 751; Wittman v. Hanson, D.C.Minn., 100 F.Supp. 747; Downing v. Schwenck, 138 Neb. 395, 293 N.W. 278; Fisher v. Southern Loan & Trust Co., 138 N.C. 90, 50 S.E. 592; Lepre v. Real Estate-Land Title Trust Co., 11 N.J. Misc. 887, 168 A. 858.

The motion to quash the service and to dismiss the complaint, in my opinion, therefore, should be granted, and

It is so ordered.