George STAR and Mamie Star, Plaintiffs,

v.

Joseph ROGALNY, Defendant.

Civ. A. No. 3763.

United States District Court
E. D. Illinois.

Sept. 11, 1957.

182

Leonard J. Dunn, West Frankfort, Ill., for plaintiffs.

Craig & Craig, Mount Vernon, Ill., for defendant.

JUERGENS, District Judge.

Jurisdiction of this court is founded upon the diversity of citizenship provision of Section 1332, Title 28 U.S.C.A.

Complaint was filed on March 5, 1957 charging the defendant, a resident of the State of Indiana, with negligence in the operation of his automobile causing it to collide with the automobile of the plaintiffs, resulting in personal injury to the plaintiffs. On March 28, 1957, an amendment to the complaint was filed. On March 11, 1957, service was attempted on the defendant in the State of Indiana. A motion to quash return of service of summons or to dismiss action was filed by the defendant on April 15, 1957, which was, on April 22, 1957, confessed by the plaintiffs. Thereafter, on April 25, 1957, service was again attempted on the defendant in the State of Indiana, to which the defendant filed a motion to quash return of service of summons or to dismiss action which was also confessed by the plaintiffs.

Thereafter personal service was had on the defendant by the United States Marshal whose endorsement on the return reads as follows:

"Served Joseph Rogalny personally by handing him a summons and complaint at 507 State St., Ham-mond, Ind., this 28th day of June 1957."

Defendant on July 17, 1957, filed his motion to quash return of service of summons or to dismiss action for the reason that:

"2. It appears from the Amendment to the Complaint herein that the defendant is a non-resident of the State of Illinois and is a resident of the State of Indiana, and he is therefore not subject to service of process issued out of this Court in the State of Indiana."

Rule 4(d) (1) and 4(d) (7) of the Federal Rules of Civil Procedure, 28 U.S.C.A. read as follows:

"(d) Summons: Personal Service. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

"(1) Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process. * * *

"(7) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the State in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."

Rule 4(d) (1) and 4(d) (7) must be read together. The words " * * *

prescribed by the law of the state in which the service is made * * *" as found in Rule 4(d) (7) should be interpreted as meaning the law of the State existing at the time the service is made. Professor Moore in Moore's Federal Practice, Volume 2, page 942, says:

"Substitute service upon a non-resident individual in a law action in the federal court in the manner prescribed by valid State statute of the character previously discussed has been held sufficient under the Conformity Act and the Rules. And Rule 4(d) (7) expressly provides that service may be so made in all actions instituted in the federal district courts. Rule 4(d) (7) does not, however, have the effect of making such service valid if the method of service prescribed in the State statute is objectionable for lack of due process. Service made in the manner prescribed by State law, while permitted by Rule 4(d) (7), is always subject to constitutional notices as to the validity of such service."

Rule 4(d) (7) specifically provides that in addition to other modes of service as may be prescribed by the rules, "it is also sufficient" if the summons and complaint are served in the manner prescribed by the law of the State in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that State. If the rule-making bodies intended that summons issued out of the federal courts shall be restricted to the territorial limits of the State in which the court sits, why would they insert in Rule 4(d) (7) the language following the word "or" as above set forth. Why waste time and space with meaningless provisions.

■ A State has the right to protect its citizens and it has the further right to pass laws which will be in furtherance of such protection. When any non-resident comes into a State, which right he has, he is subject to the laws of that State and he is answerable for the viola-tions of the laws of that State. If the valid laws of such State provide that for any tortious act committed while in that State, upon suit being filed, personal service of summons, together with a copy of the complaint, shall be sufficient for the courts of the State to proceed against him, even though a non-resident, he is amenable to that law. He was sub-servient to it while in the State and he is subservient to it after leaving the State if he committed a tortious act within the State as provided by the laws of that State.

■ While Rule 4(d) (7) permits service to be made in the manner prescribed by State statute, service so made is valid only if the statute is valid. The sections of the Illinois Statutes upon which service was made in this case are Sections 16 and 17 of Chapter 110 (Illinois Revised Statutes, 1955) which read as follows:

"16. Personal service outside State. (1) Personal service of summons may be made on any party outside the State. If upon a citizen or resident of this State or upon a person who has submitted to the jurisdiction of the courts of this State, it shall have the force and effect of personal service of summons within this State; otherwise it shall have the force and effect of service by publication."

Section 17 provides as follows:

"17. Act submitting to jurisdiction—Process.

"(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of said acts:

"(a) The transaction of any business * * *;

"(b) The commission of a tortious act * * *;

"(c) The ownership, use, or possession of any real estate situated in this State;

"(d) Contracting to insure any person, property or risk located within this State at the time of contracting.

"(2) Service of process upon any person who is subject to the jurisdiction of the courts of this State, as provided in this section, may be made by personally serving the summons upon the defendant outside this State, as provided in this Act, with the same force and effect as though summons had been personally served within this State.

"(3) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

"(4) Nothing herein contained limits or affects the right to serve any process in any other manner now or hereafter provided by law."

■■ The above sections were held constitutional in the recent case of Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673, 680, in which Mr. Justice Schaefer, in a very learned and exhaustive discussion and speaking for the court, said:

"We hold that the requirements of due process of law have been met."

and in so doing held Sections 16 and 17 constitutional and reversed and remanded to the trial court with directions to deny the motion to quash and for further proceedings in "conformity with this opinion."

Section 17 provides that:

"Any person, whether or not a citizen or resident of this State, who in person  *  *  *  does any of the acts hereinafter enumerated, thereby submits said person  *  *  *  to the jurisdiction of the courts of this State as to any cause of action arising from the doing of  *  *  *  (b) the commission of a tortious act within this State."

By driving on the highways of the State of Illinois, a non-resident driver is submitting himself to the laws of the State of Illinois and is making himself amenable to personal service of summons in a suit filed against him in a State court for the commission of a tortious act within the State. This amenableness to personal service of summons extends to any court sitting in the State which applies the laws of the State and when a federal court in a diversity case applies the substantive law of the State in which it sits, it is just another State court insofar as that case is concerned. Siebrand v. Gosnell, 9 Cir., 1956, 234 F.2d 81; Sullivan v. Shell Oil Co., 9 Cir., 1956, 234 F.2d 733.

■ On authority of Neirbo Co. v. Bethlehem Shipbuilding Corp., 1939, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, it was held that a non-resident motorist who is involved in an accident within the State, by using the highways of the State, has agreed that for any tortious act committed by him while using such highways, that he may be sued in the State in which the tortious act was committed and that personal service of summons may be had upon him in the State of his residence in conformity with the laws of the State in which the tortious act was committed.

Under the holdings of the various courts construing service as we have in question here, the great majority have held that "due process" requires only that the defendant be personally served with a summons and copy of complaint and be given an ample opportunity to be heard and have his day in court. His constitutional rights are then being protected. He can ask for no more. What better service could be had on a defendant and how could a defendant have better knowledge of a suit filed against him than by personal service upon him of a copy of a summons and copy of the complaint as required by State law? The American people are nomads travelling upon wheels and the thin veil of State lines and the immunities formerly provided by State lines must relent to the

necessities of the times and the mode of living so that justice might be done, so long as "due process" is protected to each defendant.

The court is not unmindful of Gregory v. White, dated June 17, 1957, and reported in D.C., 151 F.Supp. 761, wherein Judge Wyche, quashed the service and dismissed the complaint in a personal injury suit founded upon diveristy of citizenship, but the facts in that case are clearly distinguishable from the facts of this case, as a reading thereof will determine.

It Is, Therefore, the Opinion of this court that service of process in this case was properly and validly had upon the defendant according to the laws of the State of Illinois as set forth in Sections 16 and 17 of Chapter 110 (Illinois Revised Statutes, 1955) and in conformity with Rule 4(d) (1) and 4(d) (7) of the Federal Rules of Civil Procedure and, therefore, the defendant's motion to quash the service of summons and to dismiss the complaint will be and the same is hereby denied.

Parties to settle the order.