**R.I.T.A. CHEMICAL CORP., Plaintiff,**

**v.**

**MALMSTROM CHEMICAL CORP., Ivar Wm. Malmstrom and Richard A. Malmstrom, co-partners d/b/a N. I. Malmstrom & Co., Defendants.**

**No. 60 C 1845.**

United States District Court
N. D. Illinois, E. D.

Sept. 6, 1962.

John O'C. Fitzgerald, Chicago, Ill., for plaintiff.

Joseph D. Block, Chicago, Ill., for defendants.

WILL, District Judge.

This matter is before the Court on the motion of the individual defendants Ivar and Richard Malmstrom to vacate that part of the order of January 3, 1962, which denied the motion to quash the return of service of summons as to each of them. In their motion to vacate, the individual defendants press the argument, not made in the original motion, that the service effected upon them personally in New York and New Jersey is not authorized by the Federal Rules of Civil Procedure, specifically, Rule 4, 28 U.S.C.A.

In the written opinion accompanying the order of January 3, the Court found that the complaint alleged sufficient activity within the State of Illinois by

the individual defendants to subject them to service under sections 16 and 17 of the Illinois Civil Practice Act, Ill.Rev. Stat.1961, c. 110, §§ 16, 17. The present motion questions the propriety of resorting to the Illinois statute.

■■ It is well settled that in original diversity actions recourse is permitted to a state statute (such as the Illinois Motor Vehicle Law) for purposes of the service of process where a nonresident defendant, who has allegedly performed sufficient activity within the state to bring him under its jurisdiction, has appointed or been deemed to appoint an agent in the state through whom service may be made. The rationale for this procedure is the fiction that service is made at the time the process is received by the agent within the state, not at the time notice is sent by registered mail to the out-of-state defendant.

■ In order to avoid the inconsistency and illogic of refusing, often in the same case, to permit recourse to another state statute (such as the Illinois Civil Practice Act) where summons is sought to be served personally beyond the territorial limits of the state on a nonresident defendant who, under the applicable state law, is subject to its jurisdiction, the Court adopts as its interpretation of the appropriate subsections of Rule 4 of the Federal Rules of Civil Procedure the holding and accepts the reasoning of those cases which have sanctioned the availability of the state statute in either of the foregoing instances. See Giffin v. Ensign, 3 Cir. 1956, 234 F. 2d 307; Star v. Rogalny, D.C.E.D.Ill. 1957, 162 F.Supp. 181; Farr & Co. v. Cia. Intercontinental De Navegacion De Cuba, 2 Cir. 1957, 243 F.2d 342 and Kappus v. Western Hills Oil, Inc., D.C.E.D. Wis.1959, 24 F.R.D. 123. Accordingly, the motion to vacate is denied.

An order consistent with the above will be entered.